EXHIBIT D

## SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is entered into on this 28th day of April, 2010, to become effective on the Approval Date (as defined below) by and between B.A. Wackerli Co., Inc. ("Wackerli" or the "Debtor"), and each of Volkswagen of America, Inc. ("VWoA") and Audi of America, Inc. ("AoA"), both operating units of Volkswagen Group of America, Inc. Debtor, VWoA and AoA are sometimes referred to herein collectively as the "Parties" and singularly as a "Party."

### RECITALS

A.     Volkswagen Group of America, Inc. is a New Jersey corporation with its principal place of business located at 2200 Ferdinand Porsche Drive, Herndon, Virginia 20171. Through VWoA and AoA, it is the distributor in the United States, respectively, of Volkswagen and Audi branded motor vehicles, parts, and accessories.

B.     Wackerli is an Idaho corporation with its current principal place of business located at 2250 N. Holmes Ave., Idaho Falls, Idaho 83401, is an authorized Volkswagen dealer pursuant to that certain Dealer Agreement, dated June 30 1998 (the "VW Dealer Agreement"), and an authorized Audi dealer pursuant to that certain Dealer Agreement, of uncertain date, as modified by an amended Statement of Ownership and Management dated August 8, 2002 (the "Audi Dealer Agreement"). Wackerli is also an authorized Subaru dealer pursuant to a Subaru Dealer Agreement which authorizes Subaru operations at the same location.

C.     On February 20, 2009, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Idaho (the "Court"). The Debtor is a debtor-in-possession and is in possession of its assets and is operating its business under Sections 1107 and 1108 of the Bankruptcy Code.

D.     On December 21, 2009, the Debtor filed its Disclosure Statement, under which, *inter alia*, the Debtor seeks to reorganize its ownership and governance such that, post-petition, Paul Wareing ("Wareing") would become 20% owner, and Vice President, of the Debtor. In connection with that proposal, Wareing has submitted, or will shortly submit, to VWoA and AoA applications to become part owner and officer of the Debtor.

E.     On January 15, 2010, the Debtor filed a Motion to Assume Executory Contracts (the "Motion"), seeking an order of the Court permitting it to assume the VW Dealer Agreement and the Audi Dealer Agreement, and to relocate its Volkswagen and Audi sales and certain other operations to a facility located at 1400 N. Holmes Ave. in Idaho Falls, Idaho (the "Temporary Sales Facility"), and to relocate its Volkswagen and Audi service operations to a facility located across the street at 1363 N. Holmes Ave., Idaho Falls, Idaho (the "Temporary Service Facility"), both as reflected in the aerial photograph attached hereto as Exhibit A.

F.     On February 5, 2010, VWoA and AoA filed a Joint Objection to the Motion, for the reasons stated therein, and the Motion was scheduled for hearing on March 31, 2010.

G.     In connection with its desire to relocate its Volkswagen and Audi operations as described in Recital E above, and in settlement of the matters raised in connection with the Motion, Wackerli has committed to VWoA and AoA, under the terms and conditions set forth in this Agreement and the Exhibits hereto, to construct new facilities for its Volkswagen and Audi operations at the 1400 N. Holmes Avenue location (the "New Facilities").

H.     In consideration of the agreement reached with Wackerli regarding the construction of the New Facilities and the other agreements of Wackerli contained herein and in the Exhibits hereto, VWoA and AoA have agreed that the VW Dealer Agreement and the Audi Dealer Agreement may be assumed in their entirety by the Debtor under Section 365 of the Bankruptcy Code, as each are amended pursuant to this Agreement and the Exhibits hereto.

1

**EXHIBIT**

tabbies

1

1.    The Parties, while denying wrongdoing or liability of any kind whatsoever, have agreed to enter into this Agreement in order to avoid the expense, inconvenience, burden, and distraction of any further litigation. The Parties understand and acknowledge that this Agreement reflects a bona fide compromise and settlement of disputed claims and, therefore, does not and shall not be construed to constitute an admission of any claim, liability, wrongdoing or fault of any kind whatsoever on the part of either of the Parties.

## AGREEMENT

NOW, THEREFORE, in consideration for the foregoing recitals and the terms, conditions, covenants, and releases contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the Parties agree as follows:

1.    **Recitals.** Each of the foregoing Recitals is a substantive provision of this Agreement, and each is incorporated in full, and made a part of, this Agreement.

2.    **Bankruptcy Court Approval of Agreement.** The Parties acknowledge and agree that (a) this Agreement shall be incorporated into the Debtor's chapter 11 Plan of reorganization, and amendments, if any, thereto and is subject to and conditioned upon approval by the Court; and (b) the validity of this Agreement and the obligations of the Parties hereunder are each contingent upon the entry of the Stipulated Order Resolving Debtor's Motion to Assume Executory Contracts (the "Stipulation") in the form attached hereto as Exhibit B. The date the Stipulation is entered by the Bankruptcy Court shall be referred to herein as the "Approval Date." In the event that the Stipulation is not entered on or before April 28, 2010, this Agreement shall be voidable by any one of the Parties upon written notice pursuant to Paragraph 16 of this Agreement.

3.    **Assumption of Dealer Agreements.** The Parties agree and hereby stipulate that, subject to the terms and conditions herein, as of the Approval Date, the VW Dealer Agreement and the Audi Dealer Agreement may be assumed in their entirety by the Debtor pursuant to Section 365 of the Bankruptcy Code, except as those agreements are amended as described in this Agreement and as set forth in the Exhibits attached hereto.

4.    **Temporary Relocation of Sales and Service Facilities.** Beginning on the Approval Date, the Debtor's Volkswagen and Audi sales, showroom and customer parts and accessories operations may be relocated to the Temporary Sales Facility, and the Debtor's Volkswagen and Audi service operations may be relocated to the Temporary Service Facility, and Debtor shall be permitted to carry out its operations at those facilities until the New Facilities are completed as set forth in Paragraph 5 below and the Exhibits referred to therein, but in no event shall Debtor be permitted to carry out Volkswagen or Audi operations at the Temporary Sales Facility or the Temporary Service Facility after March 31, 2012. To reflect this relocation, effective as of the Approval Date, the Dealer Premises Addendum of Debtor's VW Dealer Agreement shall be amended as set forth in Exhibit C hereto, and the Premises Addendum of Debtor's Audi Dealer Agreement shall be amended as set forth in Exhibit D hereto. Within 45 days of the Approval Date Debtor shall install its Volkswagen and Audi signage at the Temporary Sales Facility and complete minimal refurbishment of the Temporary Sales Facility and Temporary Service Facility as agreed by the Parties.

5.    **Facility Construction Agreements.** Within the earlier of 18 months from the date of confirmation of Debtor's Plan of Reorganization, and March 31, 2012, Debtor shall complete construction of a new VW/Audi dual brand-dedicated sales and service facility on the property located at 1400 N. Holmes Ave. In connection with this obligation, effective as of the Approval Date, the VW Dealer Agreement shall be amended to add, as an exhibit thereto, a VW Facility Construction Agreement in the form attached hereto as Exhibit E, and the Audi Dealer Agreement shall be amended to add, as an exhibit thereto, an Audi Facility Construction Agreement in the form attached hereto as Exhibit F.

2

6.    **Amended Statements of Ownership.**  If VWoA approves Wareing as an owner of the Debtor, which approval may be granted or withheld by VWoA in its sole discretion, the VW Dealer Agreement shall be amended at the time of such approval to replace the existing Statement of Ownership with a Statement of Ownership in the form attached hereto as Exhibit G, and if Audi approves Wareing as an owner of the Debtor, which approval may be granted or withheld by AoA in its sole discretion, the Audi Dealer Agreement shall be amended to replace the existing Statement of Ownership with a Statement of Ownership in the form attached hereto as Exhibit H. Wackerli hereby warrants and represents that the Statements of Ownership contained in Exhibits G and H will accurately reflect its ownership assuming the approval by VWoA and AoA, respectively, of the ownership interest of Wareing.

7.    **Representations and Warranties.**  Wackerli represents and warrants to VWoA and AoA that upon approval of this Agreement by the Court or confirmation of its Chapter 11 Plan of reorganization: (a) Wackerli is duly organized, validly existing, and in good standing under the laws of the State of Idaho; (b) Wackerli has all necessary power and authority to make, execute, and deliver this Agreement and any other agreements and documents to be executed and delivered pursuant hereto (the "Related Agreements"); (c) Wackerli has taken all necessary actions required to be taken to authorize it to execute and deliver this Agreement and any such Related Agreements, and to perform all of its obligations, undertakings, and agreements to be observed and performed by it hereunder and thereunder, respectively; (d) this Agreement has been duly executed and delivered by Wackerli , and constitutes the valid and binding agreement of Wackerli and is enforceable in accordance with its terms; and (e) neither the execution and delivery of this Agreement or the Related Agreements nor the consummation of the transactions contemplated hereby or thereby will constitute a violation of, or be in conflict with: (i) any judgment, decree, order, regulation or rule of any court or governmental agency; (ii) any statute or law applicable to Wackerli; or (iii) any contract, agreement, lease or other commitment to which Wackerli is bound.

8.    **Expenses and Fees.**  Each Party shall pay its own respective costs, fees and expenses, including attorneys' fees, incurred in connection with this matter and with the preparation, execution, and implementation of this Agreement and the Related Agreements.

9.    **Choice of Law.**  This Agreement shall be deemed to have been executed and delivered in the State of Idaho and the terms and provisions of this Agreement shall be construed according to the laws of the State of Idaho, without regard to its choice of law principles.

10.   **Execution of Agreement.**  This Agreement may be executed in multiple counterparts, each of which shall be deemed an original and each of which, taken together, shall constitute one and the same instrument. The Parties may exchange signature pages by facsimile or electronic transmission.

11.   **Entire Agreement.**  This Agreement and the Exhibits attached hereto constitutes the entire agreement and understanding between the Parties with respect to the subject matter of this Agreement. No prior or contemporaneous agreements or representations between the Parties, whether oral or written, concerning the subject matter of this Agreement shall be of any force or effect after the execution of this Agreement.

12.   **Interpretation.**  The words used in this Agreement shall be deemed words chosen by the Parties to express their mutual intent, and no rule of strict construction against either of the Parties shall apply to any term or provision of this Agreement. The headings in this Agreement are for convenience only and shall not be used to interpret this Agreement.

13.   **Severability.**  Whenever possible, each provision of this Agreement shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Agreement shall be prohibited or invalid under applicable law, such provision shall be ineffective, but only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Agreement.

3

14. **Assignment and Modification.** This Agreement cannot be assigned, modified, altered, or amended in any respect except by the written consent of all Parties.

15. **Successors and Assigns.** This Agreement shall inure to the benefit of and shall be binding upon the Parties hereto and their respective successors and permitted assigns and shall also be binding upon any trustee that may be appointed in the Debtor's bankruptcy case.

16. **Notices and Requests.** Any notice which may be permitted, required, or desired to be given in connection with this Agreement, and any request or response to a request permitted, required, or desired to be given in connection with this Agreement, shall be given in writing and directed as follows:

| | |
|---|---|
| If to Wackerli: | B.A. Wackerli Co., Inc.<br>Steven B. Wackerli, President<br>1363 N. Holmes Ave.<br>Idaho Falls, ID 83401 |
| With a copy to: | Robert J. Maynes, Esq.<br>P.O. Box 3005<br>Idaho Falls, ID 83403-3005 |
| If to VWoA: | Volkswagen Group of America, Inc.<br>2200 Ferdinand Porsche Drive<br>Herndon, VA 20171<br>Attention: General Counsel |
| With a copy to: | Volkswagen of America, Inc.<br>5388 Sterling Center Drive<br>Westlake Village, CA 91361<br>Attention: Anthony Ray |
| And a copy to: | Barack Ferrazzano Kirschbaum & Nagelberg LLP<br>200 West Madison Street, Suite 3900<br>Chicago, Illinois 60606<br>Attention: James R. Vogler |
| If to AoA: | Volkswagen Group of America, Inc.<br>2200 Ferdinand Porsche Drive<br>Herndon, VA 20171<br>Attention: General Counsel |
| With a copy to: | Audi of America, Inc.<br>2200 Ferdinand Porsche Drive<br>Herndon, VA 20171<br>Attention: General Counsel |
| And a copy to: | Barack Ferrazzano Kirschbaum & Nagelberg LLP<br>200 West Madison Street, Suite 3900<br>Chicago, Illinois 60606<br>Attention: James R. Vogler |

A notice shall be deemed received when delivered to the other Party or Parties: (a) if personally delivered, upon receipt or refusal to accept delivery; (b) if sent via facsimile, upon mechanical confirmation of successful transmission of the document generated by the telecopy machine; (c) if sent by a commercial overnight courier for delivery on the next business day, on the first business day after deposit with such courier service; or (d) if sent by registered or certified mail, five days after deposit of the

document in the U.S. mail. Any Party may change its address for delivery of notices by properly notifying the other party pursuant to this paragraph.

17. **Time of the Essence**. Time is of the essence with respect to all matters set forth in this Agreement.

18. **Settlement of a Bona Fide Dispute**. Each Party hereby agrees and acknowledges that any and all agreements made, and any and all obligations assumed or relieved, pursuant to this Agreement are in connection with the settlement of a bona fide dispute and are entered into, assumed, or relieved, as applicable, freely and without duress or coercion and are made in that Party's sole discretion.

19. **Additional Documents and Acts**. Each Party agrees to execute and deliver such additional documents and instruments and to perform such additional acts as may be necessary or appropriate to effectuate, carry out, and perform all of the terms, provisions, and conditions of this Agreement and the transactions contemplated hereby.

*[The Remainder of this Page Intentionally Left Blank]*

IN WITNESS WHEREOF, the Parties have each caused this Agreement to be duly executed.

VOLKSWAGEN OF AMERICA, INC., AN OPERATING UNIT OF
VOLKSWAGEN GROUP OF AMERICA, INC.

BY: _____          BY: _____
Steve Mears *Werner Mear*                Malcolm R. Pressgrove
Director, Western Region                 General Manager — Network Development

AUDI OF AMERICA, INC., AN OPERATING UNIT OF
VOLKSWAGEN GROUP OF AMERICA, INC.:

BY: _____
Michael Cagle
Director, Western Region

B.A. Wackerll Co., Inc. d/b/a Wackerll Volkswagen

BY: _____
Steve Wackerll
President

S-1

**Exhibit A: Aerial Photograph of Sales Facility and Service Facility**



UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

In re:                                           Case No. 09-40202-JDP

B.A. WACKERLI CO., INC.,                 :        Chapter 11

Debtor.                          .

### STIPULATED ORDER RESOLVING DEBTOR'S MOTION
### TO ASSUME EXECUTORY CONTRACTS

The Motion of debtor and debtor in possession B.A. Wackerli Co., Inc. ("Debtor") to Assume Executory Contracts [Docket No. 239] ("Assumption Motion") having come before the Court for hearing; the Debtor having appeared through its counsel, Robert J. Maynes; Volkswagen of America, Inc. ("Volkswagen") and Audi of America, Inc. ("Audi"), each operating units of Volkswagen Group of America, Inc. (collectively, the "Distributors"), having appeared through their counsel, Barack Ferrazzano Kirschbaum & Nagelberg LLP, by James R. Vogler, and Service & Spinner, by James A. Spinner; and other appearances, if any, as noted in the record; the Debtor and the Distributors having reached an agreement in principle concerning the Debtor's proposal to assume the Volkswagen Dealer Agreement and the Audi Dealer Agreement; the parties having advised the Court of the general terms of the proposed assumption agreement, which terms shall be memorialized in a written agreement and made part and parcel of the Debtor's Proposed Plan of Reorganization; the Court finding that the parties' proposal to resolve the Assumption Motion to be fair and reasonable and an appropriate exercise of business judgment; other cause appearing, the parties hereby stipulate and agree, it is hereby ORDERED:

1.      The Debtor's Assumption Motion and the Distributors' timely objections thereto are resolved consistent with the parties' oral report in open court to the Court on March 31, 2010, and further hearings thereon are stricken from the Court's Calendar. No further hearings on the Debtor's Assumption Motion shall be set absent a motion for a hearing thereon.

2.    The parties agree that the Debtor and the Distributors shall memorialize the terms of their agreement in principle ("Assumption Agreement") for the Debtor to assume (a) the Volkswagen Dealer Agreement, Standard Provisions, Operating Standards, and Addenda and (b) the Audi Dealer Agreement, Standard Provisions, Operating Standards, and Addenda, each in their entirety, except as expressly agreed amongst the parties.

3.    The parties further agree that the Assumption Agreement shall be incorporated into the Debtor's Chapter 11 Plan of Reorganization, including any amendments or supplements thereto, and is subject to and conditioned upon approval by this Court.

4.    The Distributors retain and do not waive their respective rights to oppose, in whole or part, the Debtor's Chapter 11 Plan of Reorganization.

5.    In the event that the parties are unable to or for whatever reason do not execute the anticipated Assumption Agreement on or before May 7, 2010, the Distributors retain and do not waive their respective rights to seek stay relief or seek such other relief as may be necessary to preserve their rights under the respective Dealer Agreements.

6.    In the event the Debtor is unable to confirm a Chapter 11 Plan of Reorganization on or before July 30, 2010, the Debtor may file a motion for approval of the Assumption Agreement pursuant to, *inter alia*, Federal Rule of Bankruptcy Procedure 9019 ("Compromise Motion"). In such event, if the Debtor's Compromise Motion is not approved by the Court on or before July 30, 2010, the Distributors retain and do not waive their respective rights to seek stay relief or seek such other relief as may be necessary to preserve their rights under the respective Dealer Agreements.

//end of text//


Dated:


_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

Submitted by:
Robert J. Maynes
Debtor's Counsel

APPROVED AS TO FORM AND CONTENT:

By: _____
    Kimberly J. Robinson
    Counsel for Audi of America, Inc. and Volkswagen
    of America, Inc., operating divisions of Volkswagen
    Group of America, Inc.

ROBERT D. MILLER, JR., ACTING UNITED STATES TRUSTEE

By: _____

## EXHIBIT B TO
## AUDI DEALER AGREEMENT

## ADDITIONAL TERMS AND CONDITIONS ADDENDUM

1. Dealer firm name:

   B.A. Wackerli Co., Inc.
   d/b/a Wackerli Audi

2. Audi has approved the location of the following premises, and no others for Dealer's Operations for a period of time beginning as of the date set forth below and ending at the earlier to occur of (i) such time as Dealer's operations are relocated to newly-constructed sales and service facilities at 1400 N. Holmes, and (ii) March 31, 2012:

   a. Sales Facilities:

      1400 N. Holmes Ave., Idaho Falls, ID 83401

   b. Authorized Automobile Storage Facilities:

      1400 N. Holmes Ave., Idaho Falls, ID 83401

   c. Service Facilities:

      1363 N. Holmes Ave., Idaho Falls, ID 83401

   d. Genuine Parts Storage Facilities:

      1363 N. Holmes Ave., Idaho Falls, ID 83401

   e. Used Car Lot:

      1400 N. Holmes Ave, Idaho Falls, ID 83401

Dealer hereby certifies that the foregoing information is true and complete as of the date below.

This Exhibit cancels any prior Dealer Premises Addendum.

DATED: [APPROVAL DATE], 2010.

AUDI OF AMERICA, INC.

By: _____
   Mark Del Rosso, Chief Operating Officer

DEALER:
B.A. Wackerli Co., Inc. d/b/a Wackerli Volkswagen

By: _____
   Steve Wackerli, President

**EXHIBIT B**
**TO DEALER AGREEMENT**
**DATED JUNE 30, 1998.**

## DEALER PREMISES ADDENDUM

1. Dealer entity name:

   B.A. Wackerli Co., Inc. d/b/a Wackerli Volkswagen.

2. VWoA has approved the location of the following premises, and no others, for Dealer's Operations, for a period of time beginning as of the date set forth below and ending at the earlier to occur of (i) such time as Dealer's operations are relocated to newly-constructed sales and service facilities at 1400 N. Holmes, and (ii) March 31, 2012:

   a. Sales Facilities:

      1400 N. Holmes Ave., Idaho Falls, ID 83401

   b. Authorized Automobile Storage Facilities:

      1400 N. Holmes Ave., Idaho Falls, ID 83401

   c. Service Facilities:

      1363 N. Holmes Ave., Idaho Falls, ID 83401

   d. Genuine Parts Storage Facilities:

      1363 N. Holmes Ave., Idaho Falls, ID 83401

   e. Used Car Lot:

      1400 N. Holmes Ave., Idaho Falls, ID 83401

Dealer hereby certifies that the foregoing information is true and complete as of the date below.

This Exhibit cancels any prior Dealer Premises Addendum.

DATED: [APPROVAL DATE], 2010.

VOLKSWAGEN OF AMERICA, INC., AN OPERATING UNIT OF
VOLKSWAGEN GROUP OF AMERICA, INC.

BY: _Steve Mears_          BY: _Malcolm R. Pregne_
Steve Mears  Werner Mensch      Malcolm R. Pressgrove
Region Director               General Manager – Network Development

DEALER
B.A. Wackerli Co., Inc. d/b/a Wackerli Volkswagen

BY: _____
Steve Wackerli, President

EXHIBIT C TO
DEALER AGREEMENT DATED
JUNE 30, 1998

FACILITIES CONSTRUCTION ADDENDUM

This Facilities Construction Addendum (the "Addendum") is an integral part of the Volkswagen Dealer Agreement dated June 30, 1998 (the "Dealer Agreement") by and between Volkswagen of America, Inc., an operating unit of Volkswagen Group of America, Inc. ("VWoA"), and B.A. Wackerli Co., Inc. ("Dealer").

1.     Dealer has requested that VWoA allow Dealer to temporarily relocate its sales operations to a facility located at 1400 N. Holmes Ave., Idaho Falls, ID, and to temporarily relocate its service and parts operations to a facility located at 1363 N. Holmes Ave., Idaho Falls, ID, and to build a VW/Audi dual brand-dedicated sales and service facility on a portion of the property located at 1400 N. Holmes Ave. In order to induce VWoA to agree to amend the Volkswagen Dealer Agreement to allow Dealer to so relocate, and as consideration for VWoA's agreeing to enter into a new Dealer Premises Addendum to the Dealer Agreement to allow for such relocation, Dealer enters into this Addendum.

2.     Dealer shall build a new VW/Audi dual brand-dedicated sales and service facility on a portion of the property located at 1400 N. Holmes Ave. meeting VWoA's minimum requirements and standards for a Volkswagen Modular White Frame Facility (the "White Frame Facility"). The White Frame Facility shall meet the square footage requirements required by the Volkswagen Modular White Frame standards and the Volkswagen Dealer Operating Standards in effect at the time of the commencement of design of the facility. The White Frame Facility also shall contain all applicable Volkswagen Corporate Identification, Branding Elements and signage allowed by local codes and required by the Volkswagen Modular White Frame standards and the Volkswagen Dealer Operating Standards in effect at the time of the commencement of the design of the facility.

3.     Dealer, in connection with its renovation of the White Frame Facility, shall adhere to the timetables set forth below:

    a.     On or before June 15, 2010, Dealer shall submit to VWoA a completed Volkswagen White Frame Design Services Enrollment form for design services relating to the construction of a White Frame Facility at the Dealer Premises;

    b.     On or before August 1, 2010, Dealer shall cause a survey for the White Frame Facility, which survey shall determine the required design and construction specifications;

    c.     On or before September 31, 2010, Dealer shall agree to a Design Criteria Document for the White Frame Facility that is prepared and submitted to it by VWoA;

    d.     On or before October 30, 2010, Dealer shall complete and submit to VWoA for its review and approval design drawings for the White Frame Facility, including a site plan, floor plan, and elevations. In the event VWoA submits comments, Dealer shall revise such drawings in accordance with VWoA's recommendations, and shall submit revised

drawings to VWoA not later than thirty (30) calendar days after Dealer receives VWoA's comments;

e.  On or before January 15, 2011, Dealer shall complete and submit to VWoA for its review and approval a 100 percent complete set of construction drawings for the White Frame Facility. In the event VWoA submits comments, Dealer shall revise such drawings in accordance with VWoA's recommendations, and shall submit revised drawings incorporating VWoA's comments to VWoA not later than thirty (30) calendar days after Dealer receives VWoA's comments;

f.  Within fifteen (15) calendar days after Dealer's receipt of VWoA's approval of its 100 percent complete set of construction drawings or revised construction drawings, Dealer shall submit such drawings, together with any and all other necessary documents, to the appropriate entities of the appropriate local authority in order to obtain all necessary building permits for the construction of the White Frame Facility. Dealer shall comply promptly with each requirement of each such entity;

g.  Within thirty (30) calendar days of Dealer's receipt of the building permits for the White Frame Facility, Dealer shall provide evidence of such permits to VWoA, and Dealer thereafter shall promptly begin construction of the White Frame Facility;

h.  On or before the earlier to occur of (i) 18 months after the approval of Dealer's Plan of Reorganization by the United States Bankruptcy Court for the District of Idaho, and (ii) March 31, 2012 (the "Completion Date"), Dealer shall complete construction of the White Frame Facility in accordance with the construction drawings or revised construction drawings approved by VWoA, and shall occupy the White Frame Facility and commence all dealership operations at the facility.

4.  Commencing in June 2010, Dealer, on the fifteenth (15th) day of each month, shall provide VWoA with a monthly report on the status of Dealer's compliance with the terms and conditions of this Addendum, including, when it can be estimated, the expected date on which construction of the White Frame Facility will be completed.

5.  If, by the Completion Date, Dealer fails to complete construction of the White Frame Facility in accordance with the construction drawings or revised construction drawings approved by VWoA, fails to have the White Frame Facility ready for use in a manner fully-approved by VWoA, or fails to occupy the White Frame Facility and be ready to commence all dealership operations at the facility, or if Dealer fails to comply with any other term or condition of this Addendum, then VWoA may terminate the Dealer Agreement of which this Addendum is a part, and shall be under no obligation to offer to enter into any subsequent Dealer Agreement with Dealer. Dealer acknowledges that, in that event, VWoA would have good cause for terminating or failing to renew the Dealer Agreement and would be acting in good faith in doing so. Moreover, if, by the Completion Date, Dealer fails to complete construction of the White Frame Facility in accordance with the construction drawings or revised construction drawings approved by VWoA, fails to have the White Frame Facility ready for use in a manner fully-approved by VWoA, or fails to occupy the White Frame Facility and be ready to commence all dealership operations at the facility, or if Dealer fails to comply with any other term or condition of this Addendum, then neither Dealer, its beneficial owners, nor any other person, shall make any claim or demand in any court or before any administrative body against or upon VWoA for reimbursement of any funds expended by them or any of them, or for damages arising out of any termination of or refusal to renew the Dealer Agreement or out of the transactions contemplated by this Addendum.

6.    If Dealer anticipates that it will fail to meet any deadline specified in this letter of intent due to delays wholly out of Dealer's control, and despite Dealer's best efforts to meet the deadline, then Dealer may petition VWoA for an extension of the deadline. To do so, Dealer shall, no later than ten (10) days prior to any deadline, notify VWoA in writing of the specific reasons for noncompliance and a proposed new date for compliance. VWoA may review Dealer's reasons for failing to meet the deadline, in its discretion, may approve or disapprove any requested extension to the deadline.

7.    Failure by Dealer to timely perform an obligation set forth in this Addendum shall not cause Dealer to be in breach of this Addendum, or subject Dealer to the termination of the Dealer Agreement of which this Addendum is a part, if such failure is occasioned, in whole or in part, by acts of God, fires, accidents, earthquakes, explosions, floods, tornadoes, hurricanes, blizzards, wars, labor disputes or shortages, riots, terrorism, sabotage, or similar circumstances beyond the reasonable control of Dealer. If Dealer seeks to invoke this provision, it shall give notice of the same to VWoA as soon as reasonably possible after the occurrence of the condition causing Dealer to be unable to timely perform its obligation, which such notice shall state the specific reason for the Dealer being unable to timely perform its obligation. VWoA and Dealer shall thereafter meet and confer regarding an alternative date for Dealer to perform its obligation.

8.    Dealer acknowledges that VWoA has made no representations, promises or warranties that Dealer's Operations will be financially successful in either the short-term or long-term. Dealer further understands and acknowledges that its construction of the White Frame Facility will not deprive VWoA of its rights under this Addendum or the Dealer Agreement or any subsequent Dealer Agreement to terminate or fail to renew any such agreement pursuant to the provisions thereof and applicable law.

DATED: [APPROVAL DATE], 2010.

VOLKSWAGEN OF AMERICA, INC.; AN OPERATING UNIT OF
VOLKSWAGEN GROUP OF AMERICA, INC.

BY:  _____        BY: _____
      Steve Mears  Werne Murk              Malcolm R. Pressgrove
      Region Director                      General Manager–Network Development


B.A. Wackerli Co., Inc. d/b/a Wackerli Volkswagen

BY:  _____
      Steve Wackerli
      President

E-3

**EXHIBIT C**
**AUDI DEALER AGREEMENT**
## Additional Terms and Conditions Addendum

### Facility Construction Agreement

This Additional Terms and Conditions Addendum (this "Addendum") is an integral part of the Audi Dealer Agreement dated January 1, 1997 (the "Dealer Agreement"), between Audi of America, Inc., a division of Volkswagen Group of America, Inc. ("Audi"), and B.A. Wackerli Co., Inc., d/b/a Wackerli Audi located at 2250 N. Holmes Avenue, Idaho Falls, ID 83401 ("Dealer").

1.  In order to induce Audi to enter into this Addendum, and the Dealer Agreement of which it is part, Dealer will conduct a renovation at 1400 N. Holmes Avenue, Idaho Falls, ID 83401 (the "Proposed Dealership Premises") including but not limited to, the minimum square footage, Corporate Identification, and Branding Elements prescribed by Audi. Furthermore, the Facility shall at all times comply with the requirements of the Audi Dealer Operating Standards, and include at a minimum:

    a.  An exclusive Audi new vehicle showroom to be used exclusively for Dealer's new Audi sales operations.

    b.  A dedicated Audi sales staff.

    c.  Service facilities providing a separate Write-up Area exclusively for Audi service customers.

    d.  An area dedicated to the storage of Audi parts.

2.  Dealer will adhere to the timetables set forth below for completion of the respective actions described:

    a.  <u>Construction Drawings.</u> By December 15, 2010, Dealer shall have developed final Construction Drawings and a finish schedule for the Proposed Dealership Premises. During the development of Construction Drawings, Dealer shall collaborate closely with Audi of America representatives for input on design and showroom layout. Prior to the final submission of Construction Drawings, Dealer will submit to AoA Construction Drawings for review and approval.

    b.  <u>Renovation Start.</u> By March 31, 2011, Dealer will have obtained all of the necessary approvals and building permits and will begin construction of the Facility at the Proposed Dealership Premises.

    c.  <u>Renovation Completion.</u> By the earlier of (i) 18 months after the approval of Dealer's Plan of Reorganization by the United States Bankruptcy Court for the District of Idaho and (ii) March 31, 2012, Dealer will complete renovation of the Facility at the Proposed Dealership Premises and have it ready for use, in a manner fully approved by AoA and in accordance with the construction drawings or revised construction drawings approved by AoA. By this date, Dealer will occupy the Facility.

3.  If Dealer shall fail to adhere to any timetable or meet any deadline specified in this Addendum, due to delays wholly out of Dealer's control, and despite Dealer's best efforts to meet each deadline or adhere to each timetable, then Dealer may petition Audi for an extension. To do so, Dealer shall, no later than five days prior to any deadline, notify Audi in writing of the specific reasons for

noncompliance and the new date for compliance. Audi in its reasonable discretion, may review Dealer's reasons for failing to meet such deadline, and Audi in its reasonable option may accept or disapprove the extension. Regardless of the reason for noncompliance, if Dealer does not timely complete all its undertakings there under, Dealer acknowledges that Audi would have good cause, under the Idaho Motor Vehicle Code, to terminate this agreement.

4.  It is understood and agreed that Audi will not approve any new premises for Dealer's Operations which are not constructed:

    a.  At a location, and in accordance with building plans, approved in advance by Audi, and

    b.  In accordance with Audi's standards for dealership facilities.

5.  Commencing with the execution hereof, Dealer agrees to provide Audi with a monthly report on the status on Dealer's progress in its design and construction of the Facility, including the proposed completion date of all commitments outlined in Paragraph 2, when it can be estimated.

6.  If Dealer shall, without written approval from Audi, fail to comply timely with any provisions of this Addendum, then Dealer agrees that, regardless of the weight or magnitude of, or reason for, such failure, Audi may, at its option, terminate the Dealer Agreement of which this Addendum is a part, and shall be under no obligation to offer to enter into any subsequent Dealer Agreement with Dealer, Dealer acknowledges that, in that event, Audi would have good cause for terminating or failing to renew the Dealer Agreement. If Dealer shall fail for any reason whatsoever to satisfy any of the terms and conditions set forth in this Addendum, neither Dealer, its beneficial owners, nor any other person, shall make any claim or demand in any court or before any administrative body against or upon Audi for reimbursement of any funds expended by them or any of them, or for damages arising out of any termination of the Dealer Agreement or out of the transactions contemplated by this Addendum.

7.  Dealer acknowledges that Audi has made no representations, promises or warranties that Dealer's Operations will be financially successful in either the short or long-term. Dealer further understands and acknowledges that its renovation of the Facility will not deprive Audi of its rights under this Addendum or the Dealer Agreement or any subsequent Dealer Agreement to terminate or fail to renew any such agreement pursuant to the provisions thereof and applicable law.

IT WITNESS WHEREOF, the parties hereto have caused this Addendum to be executed by their duly authorized officers on the day below written.

AUDI OF AMERICA, INC.

BY: _____    DATE: 7.27.10

    NAME: MARK DEL ROSSO

    TITLE: CHIEF OPERATING OFFICER


DEALER

BY: _____    DATE: _____

    NAME: STEVE WACKERLI

    TITLE: PRESIDENT


F-2

### EXHIBIT A
### TO DEALER AGREEMENT DATED
### JUNE 30, 1998

## STATEMENT OF OWNERSHIP AND MANAGEMENT

1. Dealer firm name:

   **B. A. Wackerli Co. d/b/a Wackerli Volkswagen**

2. Principal place of business:

   **1400 N. Holmes, Idaho Falls, ID 83401**

3. Dealer is a
   - ☐ proprietorship
   - ☐ partnership
   - ☐ limited liability company
   - X corporation, incorporated on January 1, 1959 under the laws of the State of Idaho.

4. The following persons are the beneficial and record owners of Dealer:

| Name and Address of Each Record and Beneficial Owner of Dealer | If a Corporation, Number and Class of Shares | | Percentage of Ownership of Record in Dealer |
|---|---|---|---|
| | Number | Class | |
| Steven B. Wackerli 1400 N. Holmes Idaho Falls, ID 83401 | | | 70% |
| Paul Wareing 1400 N. Holmes Idaho Falls, ID 83401 | | | 20% |
| Trudy Harmel 1400 N. Holmes Idaho Falls, ID 83401 | | | 10% |

☐ See Exhibit A1 for additional information.

5.  The following persons are Dealer's Officers:

| Name and Address | Title |
|---|---|
| Steven B. Wackerli<br>1400 N. Holmes<br>Idaho Falls, ID 83401 | President |
| Paul Wareing<br>1400 N. Holmes<br>Idaho Falls, ID 83401 | Vice President |
| Trudy Harmel<br>1400 N. Holmes<br>Idaho Falls, ID 83401 | Secretary/Treasurer |

6.  The following person is the Authorized Representative of Dealer. As such, this person is an agent of Dealer, and VWoA is entitled to rely on this person's authority to make all decisions on behalf of Dealer with respect to Dealer's Operations.

| Name and Address | Title |
|---|---|
| Steven B. Wackerli | President |

Dealer hereby certifies that the foregoing information is true and complete as of the date below. VWoA has entered into this Agreement in reliance upon the qualifications of, and the continued provision of personal services in the ownership and management of Dealer by, the persons identified above.

This Exhibit cancels any prior Statement of Ownership and Management.

Dated: April ___, 2010.

VOLKSWAGEN OF AMERICA, INC., AN OPERATING UNIT OF
VOLKSWAGEN GROUP OF AMERICA, INC.

BY: _____  
~~Steve Mears~~ *Werner Mers d*  
Region Director

BY: _____  
Malcolm R. Pressgrove  
General Manager -- Network Development

DEALER:
B.A. Wackerli Co., Inc. d/b/a Wackerli Volkswagen

BY: _____  
Steve Wackerli  
President

G-2

# EXHIBIT A
# AUDI DEALER AGREEMENT
# STATEMENT OF OWNERSHIP AND MANAGEMENT (AMENDED APRIL ___, 2010)

1. Dealer Legal Name:  B.A. Wackerli Co., Inc.
   d/b/a Wackerli Audi

2. Principle Place of Business: 1400 N. Holmes
   Idaho Falls, ID 83401

3. Dealer is a corporation, incorporated on January 1, 1959, under the laws of the State of Idaho.

4. The following person(s) is/are the beneficial and record owner(s) of Dealer:

| Name and Address of Each Record and Beneficial Owner | If a Corporation, Number and Class of Shares | Percentage of Ownership of Record in Dealer |
|---|---|---|
| Steven B. Wackerli 1400 N. Holmes Idaho Falls, ID 83401 | | 70% |
| Paul Wareing 1400 N. Holmes Idaho Falls, ID 83401 | | 20% |
| Trudy Harmel 1400 N. Holmes Idaho Falls, ID 83401 | | 10% |

5. The following persons are Dealer's Officers:

| Name and Address | Title |
|---|---|
| Steven B. Wackerli 1400 N. Holmes Idaho Falls, ID 83401 | President |
| Paul Wareing 1400 N. Holmes Idaho Falls, ID 83401 | Vice President |
| Trudy Harmel 1400 N. Holmes Idaho Falls, ID 83401 | Secretary/Treasurer |

6. The following person functions as the Authorized Representative of Dealer. As such he or she is an agent of Dealer and is authorized, and Audi is entitled to rely on their authority, to make all decisions on behalf of Dealer with respect to Dealer's Operations:

| Name and Address | Signature | |
|---|---|---|

Steven B. Wackerli
1400 N. Holmes
Idaho Falls, ID 83401

Steven B. Wackerli
General Manager                                                                 Date

Dealer hereby certifies that the foregoing information is true and complete as of the date below. Audi has entered into this Agreement in reliance upon the qualifications, and the continued provision of personal services in the ownership and management of Dealer by the persons identified above.

This Exhibit cancels any prior Statement of Ownership and Management.

AUDI OF AMERICA, INC.

BY:                                                                      DATE: 7 · 27 · 10
    NAME: MARK DEL ROSSO
    TITLE: CHIEF OPERATING OFFICER

DEALER:
B.A. Wackerli Co., Inc. d/b/a Wackerli Audi

BY:                                                                      DATE:
    NAME: STEVE WACKERLI
    TITLE: PRESIDENT

H-2