EXHIBIT G

James A. Spinner, ISB No. 3417
SERVICE & SPINNER
1335 East Center Street
P.O. Box 6009
Pocatello, ID 83205-6009
T:      (208) 232-4471
F:      (208) 232-1808
E:      spinjim@cableone.net

James R. Vogler IL ARDC 02908395
(*pro hac vice* admission pending)
Kimberly J. Robinson, IL ARDC 6194420
(*pro hac vice*)
BARACK FERRAZZANO KIRSCHBAUM
& NAGELBERG LLP
200 West Madison St., Suite 3900
Chicago, IL 60606
T:      (312) 629-5188
F:      (312) 984-3150
E:      kim.robinson@bfkn.com


*Counsel for Volkswagen of America, Inc. and
Audi of America, Inc., each operating units of
Volkswagen Group of America, Inc.*


## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In re: | Bankruptcy No. 09-40202 |
| B.A. WACKERLI CO., INC., | Chapter 11 |
| Debtor. | **JOINT OBJECTION OF VOLKSWAGEN OF AMERICA, INC. AND AUDI OF AMERICA, INC. TO MOTION OF DEBTOR TO ASSUME EXECUTORY CONTRACTS** |

    Volkswagen of America, Inc. ("Volkswagen") and Audi of America, Inc. ("Audi"), each

operating units of Volkswagen Group of America, Inc. (collectively, the "Distributors"), by and



EXHIBIT

107

through their counsel of record, submit the following for their joint objection to the *Motion of*

*B.A. Wackerli Co., Inc.* ("Debtor") *to Assume Executory Contracts* [Docket No. 239] ("Motion"):

## I.   **Introduction**

The Distributors oppose the relief described in the Motion because, among other things, it

is inconsistent with the Distributors' rights and the Debtor's obligation under the Volkswagen

and Audi Dealer Agreements. The Debtor's proposal to unilaterally modify the negotiated terms

of the Dealer Agreements runs contrary to the Distributors' rights thereunder and black letter

law. Under each of the Dealer Agreements, relocation of a dealership requires the Distributors'

prior written consent and compliance with the Distributors' respective Dealer Agreements,

neither of which are present here. The Distributors do not consent to relocation of the Debtor's

dealership or to assumption of only certain provisions of the Dealer Agreements without a cure

of all defaults, as required by the Bankruptcy Code. Further, the Debtor's Motion is silent as to

its obligations to cure its defaults under the Dealer Agreements and provide adequate assurance

of future performance, and is thus legally deficient. As a practical matter, the Debtor's proposal

to relocate and continue as a Volkswagen and Audi dealer does not advance a reasonable chance

of the dealership's success. Accordingly, the Distributors object to the partial assumption

described in the Motion and expressly reserve their rights to oppose any relief sought or action

taken by the Debtor that is in any manner inconsistent with the Dealer Agreements and

applicable law.

## II.   **Background**

Pursuant to (a) that certain Volkswagen Dealer Agreement by and between Volkswagen

and the Debtor dated as of June 30, 1998; (b) that certain Audi Dealer Agreement by and

between the Debtor and Audi dated December 9, 2002; and corresponding Standard Provisions

and requirements (collectively, "Dealer Agreements"), the Debtor is authorized to sell and

service Volkswagen and Audi automobiles at an approved location.  A copy of the Volkswagen

Dealer Agreement is appended hereto as Exhibit 1 and the applicable Audi Dealer Agreement is

appended to the Motion.[1]  The Debtor is thus bound by the strictures of its Dealer Agreements

and the applicable provisions of Idaho Motor Vehicle Law ("Idaho Vehicle Code").  Idaho Code

§§ 49-1601 to -1638.

The Dealer Agreements each provide for the Debtor's operations to be conducted from

one approved dealer point: 2250 North Holmes Avenue, Idaho Falls.  Section 5 of the Dealer

Agreements provides that any change in the Debtor's approved dealer premises is subject to the

Distributors' pre-approval.  Article 14(1)(e) of the Dealer Agreements provides that any change

in the location of any of Dealer's Premises or the establishment of any additional premises for

Dealer's Operations without the Distributors' prior written consent is cause for immediate

termination of the Dealer Agreements.  As described in its Motion, the Debtor proposes to

relocate its Volkswagen and Audi dealership to 1400 North Holmes Ave, Idaho Falls, a former

used car facility, which does not comply with the Volkswagen and Audi Dealer Agreements,

absent, at a minimum, substantial renovation acceptable to the Distributors.

III.   **Argument**

A.      **The Debtor may only assume the Dealer Agreements in toto.**

"It is black letter law that an executory contract must be either assumed in its entirety,

*cum onere*, or completely rejected." *In re Morande Enters.*, 335 B.R. 188, 191 (Bankr. M.D.

---

[1] By its Motion, the Debtor seeks authority to, among other things, assume a Volkswagen Dealer
Agreement dated September 6, 1989 ("1989 Agreement").  The 1989 Agreement, which was superseded
by the Dealer Agreement executed on June 30, 1998, is no longer in force or of effect.  In any event, both
the 1989 Agreement and the operative Volkswagen Dealer Agreement preclude any change in location of
the dealership without the express written consent of Volkswagen.

Fla. 2005) (dealer must assume dealer agreement in toto) quoting *In re Beverage Canners Int'l Corp.*, 255 B.R. 89, 95 (Bankr. S.D. Fla. 2000); *In re Cortaro Water Co.*, 3 F. Supp. 257, 261 (D. Ariz. 1933) (contract must be assumed "subject to all its provisions and conditions, in the same 'plight' and condition that the bankrupt held it"). The Debtor may not elect to assume only the favorable provisions of the Dealer Agreements.

Section 5 and Article 14(1)(e) of the Dealer Agreements are critical provisions that allow the Distributors to protect their brand and reputation in the marketplace. An automobile manufacturer's right to approve transfers of assets, changes of ownership, and dealer locations are in fact key elements to any dealer agreement. *Morande*, 335 B.R. at 191 and cases cited therein (location is one of key provisions of dealer agreement). Such negotiated provisions must be enforced "[o]therwise, a manufacturer who grants a franchise in a specific location could be stuck with a franchise moved to an entirely undesirable and unproductive one." *Id*. at 192.

The Disclosure Statement filed by the Debtor on December 21, 2009 indicates that the Debtor may also seek to change its ownership structure in violation of Section 5 of the Dealer Agreements. (Docket No. 227 at 17-18.) Authorized Volkswagen and Audi dealers must first submit to an application process, which sets forth, among other things, the dealer candidate's industry and business experience, financial wherewithal, and criminal history. Not only has the Debtor not requested Volkswagen or Audi dealer candidate applications for Paul Wareing, whom the Debtor proposes as a new Vice President effective upon plan confirmation, the Debtor has not provided the Distributors with any information that would permit the Distributors to determine if Mr. Wareing could satisfy the prerequisites of a Volkswagen and Audi dealer. (Docket No. 227 at 17-18.) Other than the reference to corporate ownership in the Disclosure

Statement, neither of the Distributors has received notice from the Debtor that it intends to

propose a change in ownership structure of the current Volkswagen and Audi dealership.

Consequently, the Debtor's proposal to assume only part of the Dealer Agreements, and

to relocate the dealership and change the ownership structure of the dealership without the

Distributors' consent, precludes assumption of the Dealer Agreements under applicable law.

**B.      The statutory authority cited by the Debtor is inapposite.**

In support of the relief described in the Motion, the Debtor cites only to the "site control"

provision of the Idaho Vehicle Code, which is inapplicable to facts and issues before this Court.[2]

(Motion at 3.)  The term "site control" as used in Idaho Code § 49-1613(6) does not encompass

relocation of a dealership.  Section 49-1613 contemplates only a manufacturer's restraint on the

actual premises of the dealership, such as a "sublease" or a "collateral pledge of lease," which is

clear from the language in the statute itself—"site control (whether by sublease, collateral pledge

of lease, or otherwise)."  Idaho Code § 49-1613(6).  Nothing in the plain language of the statute

limits a manufacturer's rights with respect to dealership relocation.  Indeed, the only provision of

the Idaho Vehicle Code that places any restraint on a manufacturer with respect to dealer

relocation is § 49-1616, which sets mileage parameters for placement of same line make

dealerships for the protection of adjoining dealers, addresses an issue that is not before this

Court.  Idaho Code § 49-1616.

In *GMC v. Dealmaker LLC*, No. 07-CV-141, 2009 U.S. Dist. LEXIS 39278, at 16-17

(N.D.N.Y. May 8, 2009), a district court found that the site control provision of the New York

---

[2] The Debtor's use of "SITE RELOCATION" (emphasis in original) to preface its discussion on the
applicability of the site control provision in Idaho Code § 49-1613(6) to the present facts is misleading,
and mistakenly characterizes the cited statutory authority.  The phrase "site relocation" is no where in the
Idaho Vehicle Code, and the referenced authority does not address relocation of the dealer, as discussed
herein.

Franchised Motor Vehicle Dealer Act ("FMVDA"), N.Y. Veh. & Traf. Law § 4661(1), which is

identical to Idaho Code § 49-1613(6), does not address the issue of dealer site relocation. The

*Dealmaker* court further found it reasonable for a manufacturer to exercise its business judgment

in enforcing a "dealer premises" provision in the dealer agreement that permits a manufacturer to

deny its consent to a change in dealer location. Consequently, the dealership in *Dealmaker* could

not rely on FMVDA § 466(1) for relief in connection with a manufacturer's denial of the

dealership's relocation request. The facts in *Dealmaker* are analogous to the issues before this

Court. The Distributors are within their contractual and statutory rights to exercise their

respective business judgment in connection with the Debtor's request for a change in dealer

location. The site control provisions relied upon by the Debtor do not preclude the Distributors

from enforcing Section 5 and Article 14(1)(e) of the Dealer Agreements with respect to the

Distributors' consent to a proposed dealership relocation. Accordingly, the Debtor's Motion

should be denied.

  **C.**  **The Debtor fails to demonstrate adequate assurance of future performance.**

  The Debtor's Motion is silent with respect to its obligations to cure all existing defaults

under the Dealer Agreements and to provide adequate assurance of future performance under the

Dealer Agreements. Section 365(b) of the Bankruptcy Code provides that a debtor may not

assume an executory contract unless and until it cures all existing defaults and provides

assurance that it can perform its obligations under such contract on a prospective basis.

11 U.S.C. § 365(b). The Debtor fails to demonstrate its ability to comply with § 365(b) in any

respect. Since 2007, annual sales by the Debtor have continued to decline, with 2009

Volkswagen sales down 66% since 2007 and 2009 Audi sales down 40% since 2008, resulting in

significant lost revenue to the Distributors. In fact, the Debtor has been and is currently the

              6

lowest ranking dealership in Volkswagen's Western Region with respect to sales effectiveness,

sale satisfaction, and customer service and satisfaction. *See* Volkswagen Notifications of Poor

Dealer Performance appended hereto as Exhibit 2.

The Distributors are also informed and believe that, although the Debtor may have

obtained some form of financing in November 2009, the Debtor was without the requisite floor-

plan financing for more than eight months in 2009, thereby limiting the Debtor's ability to

purchase satisfactory levels of automobile and parts inventory.[3]  As such, the Distributors are

harmed by the Debtor's inability to adequately represent the Volkswagen and Audi brands in its

designated region.  According to the Disclosure Statement, the Debtor had less than $2,800 cash

on hand as of December 4, 2009.  (Docket No. 227 at 21.)  Although the Debtor reports total

inventory on hand of $1.2 million with respect to all of its various operations, there is no

indication of the amount of Volkswagen or Audi inventory that the Debtor currently has

available for sale to customers.  As such, the Debtor does not currently meet the Distributors'

capitalization standards, among other requirements under the Dealer Agreements.

Now, by its Motion, the Debtor seeks approval of its proposal to relocate to a new

location that would likely require a substantial investment of both time and money by the Debtor,

which realistically could exceed several hundreds of thousands of dollars for build-out and

modification costs and take months to complete, to comply with the Distributors' applicable

facility requirements and brand standards.  In addition, in order to assume the lease on the

proposed relocation site, the Debtor must first cure all postpetition defaults, which presumably

could exceed $80,000 if the Debtor is and has been in default of the applicable lease payments

---

[3] On January 15, 2010, the Debtor filed a motion for authority to enter into a secured loan transaction with its president, Steven B. Wackerli, and noted that it is "unable to obtain credit" in any other form, further suggesting that the Debtor is unable to demonstrate the ability to finance a successful Volkswagen and Audi dealership.

since February 2009. (Docket No. 227 at 8.)  It is unclear to the Distributors how the Debtor, which has less than $2,800 cash on hand and an unknown amount of Volkswagen and Audi inventory, proposes to continue its dealer operations in a successful manner, consistent with the Dealer Agreements and the general operating standards that are essential to maintaining the good reputation of Volkswagen and Audi in the marketplace.  Accordingly, unless and until the Debtor can make such a demonstration acceptable to the Distributors—a huge hurdle for the Debtor to overcome under the facts available at this time, the Distributors do not consent to the relief described in the Motion.

**D.     Reservation of Rights.**

The Distributors expressly reserve their rights to oppose any relief sought or action taken by the Debtor that is inconsistent in any manner with the Dealer Agreements and applicable law. Further, the Distributors expressly reserve any and all claims against the Debtor that the Distributors may have pursuant to the Dealer Agreements and applicable law, including claims for breach of the Dealer Agreements.  Finally, the Distributors agree with the Debtor (Motion at fn. 3) that discovery and, at a minimum, an evidentiary hearing would appropriately precede any final determination of the Debtor's Motion.

For the reasons and upon the authorities cited herein, the Debtor's Motion should be denied in its entirety.

VOLKSWAGEN OF AMERICA, INC. and
AUDI OF AMERICA, INC., each operating
units of Volkswagen Group of America, Inc.

Date: February 5, 2010                    By: _____
                                              Jim Spinner

## CERTIFICATE OF SERVICE

I hereby certify that I have this 5th day of February, 2010, caused a copy of the foregoing APPLICATION FOR ADMISSION *PRO HAC VICE* to be served by electronic delivery to those persons noted on the Notice of Electronic Filing generated by the CM/ECF system upon the filing of this pleading.

I further certify that a copy of the foregoing Application was also served via first class mail, postage prepaid, on the parties listed below:

| | |
|---|---|
| U.S. Trustee<br>ustp.region18.bs.ecf@usdoj.gov | ECF Notice |
| David W. Newman<br>david.w.newman@hotmail.com | ECF Notice |
| Robert J. Maynes<br>mayneslaw@hotmail.com | ECF Notice |
| B.A.Wackerli Co., Inc.<br>1363 N. Holmes<br>Idaho Falls, ID 83401 | U.S. Mail, postage prepaid |

/s/ Jim Spinner
Jim Spinner

# VOLKSWAGEN
## DEALER AGREEMENT



1. **APPOINTMENT.** Volkswagen of America, Inc. ("VWoA"), having a place of business at 3800 Hamlin Road, Auburn Hills, MI 48326, appoints **B.A. Wackerli Co., Inc.** ("Dealer"), doing business under the fictitious name **Wackerli Volkswagen**, having its place of business at **2250 North Holmes Avenue, Idaho Falls, ID 83401**, as an authorized dealer in Volkswagen brand motor vehicles and genuine parts and accessories therefor. Accordingly, the parties agree as follows:

2. **STANDARD PROVISIONS.** The Dealer Agreement Standard Provisions (the "Standard Provisions") (Form No. 97vwstdp), the Dealer Operating Plan (the "Operating Plan") and the Volkswagen Dealer Operating Standards (the "Operating Standards") are part of this Agreement. Any term not defined in this Agreement has the meaning given such term in the Standard Provisions.

3. **OWNERSHIP AND MANAGEMENT.** To induce VWoA to enter into this Agreement, Dealer represents that the persons identified in the Statement of Ownership and Management, which is attached as Exhibit A, are Dealer's Owners and Executives. VWoA is entering into this Agreement in reliance upon these representations, and upon the continued provision by such persons of their personal services in fulfillment of Dealer's obligations under this Agreement. Accordingly, Dealer agrees there will be no change in Dealer's Owners without VWoA's prior written consent, and no change in Dealer's Executives without prior notice to VWoA.

4. **MINIMUM FINANCIAL REQUIREMENTS.** Dealer agrees to comply and maintain compliance with the minimum financial requirements established for Dealer annually in accordance with the Operating Plan and the Operating Standards. Throughout the term of this Agreement those minimum financial requirements are subject to revision by VWoA, after review with Dealer, in light of operating conditions and the development of Dealer's business and business potential.

5. **DEALER'S PREMISES.** VWoA has approved the location of Dealer's Premises as specified in the Dealer Premises Addendum, attached as Exhibit B. Dealer agrees that, without VWoA's prior written consent, it will not (a) make any major structural change in any of Dealer's Premises, (b) change the location of any of Dealer's Premises or (c) establish any additional premises for Dealer's Operations.

Exhibit "1"

# VOLKSWAGEN



6. EXCLUSION OF WARRANTIES. EXCEPT FOR DISTRIBUTOR'S WARRANTIES, AND EXCEPT AS PROVIDED IN ARTICLE 9(1) OF THE STANDARD PROVISIONS, THERE ARE NO EXPRESS OR IMPLIED WARRANTIES OR OBLIGATIONS OF THE MANUFACTURER OR DISTRIBUTOR AS TO THE QUALITY OR CONDITION OF AUTHORIZED PRODUCTS, OR AS TO THEIR MERCHANTABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE, AND, TO THE EXTENT PERMITTED BY LAW, DEALER WILL EXCLUDE ANY AND ALL SUCH WARRANTIES AND OBLIGATIONS IN ITS SALES OF AUTHORIZED PRODUCTS.

7. TERM. The term of this Agreement begins on the date of its delivery to Dealer or on January 1, 1997, whichever is later. This Agreement shall continue in effect until terminated by either party or superseded by a new Dealer Agreement with VWoA, whichever is earlier.

8. GOVERNING LAW. This Agreement will be construed in accordance with the laws of the State of  Idaho . Should the performance of any obligation under this Agreement violate any valid law of such jurisdiction, then this Agreement shall be deemed modified to the minimum extent necessary to comply with such law.

9. ADDITIONAL TERMS AND CONDITIONS. The Addenda attached hereto as Exhibits A through B are part of this Agreement, and are incorporated into this Agreement by this reference. Each may be canceled or superseded at any time by mutual agreement of Dealer and VWoA, through the later execution by both parties of a replacement, which then shall be deemed part of this Agreement.

DATED: June 30th, 1998 .

VOLKSWAGEN OF AMERICA, INC.

BY: _____          BY: _____
Colin Gour                                            Bruce Messick
Regional Team Leader                          Area Executive

DEALER

BY: _____
Steve Wackett
President

2                                    Form 97VWA:h\ogd\97dlragr

# VOLKSWAGEN

**EXHIBIT A**
**TO DEALER AGREEMENT DATED**
_____, 19_____.



## STATEMENT OF OWNERSHIP AND MANAGEMENT

1. Dealer firm name:

   B.A. Wackerli Co., Inc.  d/b/a  Wackerli Volkswagen.

2. Principal place of business:

   2250 North Holmes Avenue, Idaho Falls, ID  83401.

3. Dealer is a
   - ☐ proprietorship
   - ☐ partnership
   - ☐ limited liability company
   - ☒ corporation, incorporated on 1/1/58 under the laws of the State of Idaho.

4. The following persons are the beneficial and record owners of Dealer:

| Name and Address of Each Record and Beneficial Owner of Dealer | If a Corporation, Number and Class of Shares | | Percentage of Ownership of Record in Dealer |
|---|---|---|---|
| | Number | Class | |
| Lueve Wackerli 2908 Homestead Lane Idaho Falls, ID  83404 | 138 | Common | 40% |
| David Gietzen 2944 Escalante Avenue Idaho Falls, ID  83404 | 68 | Common | 20% |
| Steve Wackerli 5530 Marbrisa Lane Idaho Falls, ID  83406 | 68 | Common | 20% |
| Todd Wackerli 3783 West Broadway Idaho Falls, ID  83402 | 28 | Common | 8% |
| Stan Wackerli 2705 Desert Lane Idaho Falls, ID  83404 | 19 | Common | 6% |
| Trudy Thome 2723 Galway Idaho Falls, ID  83404 | 19 | Common | 6% |

☐ See Exhibit A1 for additional information.

# VOLKSWAGEN



5.   The following persons are Dealer's Officers:

| Name and Address | Title |
| --- | --- |
| Steve Wackerli<br>5530 Marbrisa Lane<br>Idaho Falls, ID  83404 | President |
| David Gietzen<br>2944 Escalante Avenue<br>Idaho Falls, ID  83404 | Vice President |
| Lueva Wackerli<br>2908 Homestead Lane<br>Idaho Falls, ID  83404 | Secretary |
| Todd Wackerli<br>3783 West Broadway<br>Idaho Falls, ID  83402 | Treasurer |

6.   The following person is the Authorized Representative of Dealer.  As such, this person is an agent of Dealer, and VWoA is entitled to rely on this person's authority to make all decisions on behalf of Dealer with respect to Dealer's Operations.

| Name and Address | Title |
| --- | --- |
| David Gietzen | Vice President |

Dealer hereby certifies that the foregoing information is true and complete as of the date below. VWoA has entered into this Agreement in reliance upon the qualifications, and the continued provision of personal services in the ownership and management of Dealer by, the persons identified above.

This Exhibit cancels any prior Statement of Ownership and Management.

Dated: _June 30th_ , 19 _98_ .

**VOLKSWAGEN OF AMERICA, INC.**

By: _____        By: _____
Colin Gour                                        Bruce Messick
Regional Team Leader                      Area Executive

**DEALER**

By: _____
Steve Wackerli
President

2                                        Form 97VWXA : h/97dlragr/Vwxa

# VOLKSWAGEN

**EXHIBIT B**
**TO DEALER AGREEMENT DATED**
_____, 19_____.



### DEALER PREMISES ADDENDUM

1.    Dealer firm name:

   B.A. Wackerli Co., Inc.  **d/b/a**  Wackerli Volkswagen.

2.    VWoA has approved the location of the following premises, and no others, for Dealer's
      Operations:

   a.    Sales Facilities:

   2250 North Holmes Avenue, Idaho Falls, ID 83401

   b.    Authorized Automobile Storage Facilities:

   2250 North Holmes Avenue, Idaho Falls, ID 83401

   c.    Service Facilities:

   2250 North Holmes Avenue, Idaho Falls, ID 83401

   d.    Genuine Parts Storage Facilities:

   2250 North Holmes Avenue, Idaho Falls, ID 83401

   e.    Used Car Lot:

   2250 North Holmes Avenue, Idaho Falls, ID 83401


Dealer hereby certifies that the foregoing information is true and complete as of the date below.

This Exhibit cancels any prior Dealer Premises Addendum.


Dated: _June 30th_ , 19_98_.

**VOLKSWAGEN OF AMERICA, INC.**

By: _____          By: _____
   Colin Gour                              Bruce Messick
   Regional Team Leader                     Area Executive

**DEALER**

By: _____
   Steve Wackerli
   President

Form 97VWXB:h\ogc\97diragr

# VOLKSWAGEN



October 23, 1997

Mr. Steve Wackerli, President
B.A. Wackerli Co., Inc.
d/b/a Wackerli Volkswagen
2250 North Holmes Avenue
Idaho Falls, ID  83401

Dear Mr. Wackerli:

We are pleased to advise you that Volkswagen AG has authorized your use of the word "Volkswagen" in the business name, "Wackerli Volkswagen", for your dealership.

This authorization is limited to the business or corporate name stated in the preceding paragraph and does not cover any other business or corporate name containing the word "Volkswagen" which you may wish to adopt in the future. Moreover, the present authorization is limited to your present firm or corporation. It does not extend to any subsidiary or affiliate of your firm or corporation, and it is not transferable.

The authorization granted in this letter shall automatically terminate in the event that you cease to be a franchised Volkswagen dealer and also in the event of a sale of your business, a merger of your corporation, the liquidation or bankruptcy of your firm or an assignment of assets of your firm to an assignee for the benefit of creditors.

Moreover, Volkswagen AG reserves the absolute and unqualified right to revoke the authorization at any time, in its sole and absolute discretion, with or without cause, by mailing or causing Volkswagen of America, Inc., to mail written notice of such revocation to you.

Upon termination of this authorization by reason of any of the events described, as well as upon receipt of the written revocation referred to, you shall (a) take all necessary steps to forthwith effect a legal change of your business or corporate name eliminating the word "Volkswagen" therefrom and (b) thereafter immediately discontinue the use of the word "Volkswagen" in your business or corporate name.

**VOLKSWAGEN**



- 2 -

You shall not be entitled to any compensation whatsoever in the event of termination or revocation of this authorization.

This authorization is subject to all applicable provisions of your present and future Volkswagen dealer agreements.

Please sign the enclosed copy of this agreement for consent and return it to us. The authorization contained herein will be effective only after we shall have received the said copy duly signed by you.

Regards,

Ron Takashima
Dealer Franchising

Signed in agreement with and in acceptance of the above terms.

_____          June 30th 1998
(Signature of Dealer Representative)          (Date)



| Anthony Ray | Name |
|---|---|
| Network Development Manager | Title |
| VWoA Western Region | Department |
| 818.575.5603 | Phone |
| 818.575.5609 | Fax |
| anthony.ray@vw.com | E-Mail |

November 25, 2009    Date

PERSONAL AND CONFIDENTIAL

VIA FedEx Tracking # - 798138905505

Mr. Steve Wackerli
Wackerli Volkswagen - 419124
2250 N. Holmes Ave.
Idaho Falls, ID 83401

Volkswagen of America, Inc.
5388 Sterling Center Drive
Westlake Village, CA 91361

Re:    Dealership Performance

Dear Mr. Wackerli:

The purpose of this letter is to inform you about Volkswagen of America, Inc. a division of Volkswagen Group of America, Inc. ("VWoA") concerns about the performance of Wackerli Volkswagen.  Until at least minimum expected levels of performance are sustained, I will continue to keep you informed of Wackerli Volkswagen's performance as outlined by the following measurements.

The Sales Effectiveness for Wackerli Volkswagen is 36.2% based on R. L. Polk & Co. August 2009 year-to-date ("YTD") vehicle registration data. This level of sales effectiveness is well below the 100% minimum expected level of performance. Wackerli Volkswagen ranks 17 out of 17 Dealers within Area 59 and 128 of 128 Dealers in the Western Region.

The Sales Satisfaction Index ("SSI") score for Wackerli Volkswagen is 86.6 based on the October 2009 YTD Customer Experience Survey ("CES").  This level of Customer sales satisfaction is below the minimum expected score of 93.  Wackerli Volkswagen ranks 14 out of 17 Dealers within Area 59 and 116 of 128 Dealers in the Western Region.  Area 59 SSI Score was 91.1 and the Western Region's SSI Score was 92.2.

The Customer Service Index ("CSI") score for Wackerli Volkswagen is 79 based on the October 2009 YTD CES.  This level of Customer service satisfaction is below the minimum expected score of 85.5.  Wackerli Volkswagen ranks 17 out of 17 Dealers within Area 59 and 128 of 128 Dealers in the Western Region.  Area 59 CSI Score was 88.5 and the Western Region's CSI Score was 88.9.

Exhibit " 2 "

VWoA is very concerned over the poor performance of Wackerli Volkswagen. The above listed deficiencies must be resolved and performance brought up to the minimum expected levels.

Your VWoA Area Team is willing and prepared to assist you in resolving the deficiencies listed above. However, please be aware that the development and implementation of an action plan to cure these deficiencies is the responsibility of Wackerli Volkswagen.

Sincerely,

Anthony Ray
Network Development Manager

cc: Corporate File



| | |
|---|---|
| Anthony Ray | Name |
| Network Development Manager | Title |
| VWoA Western Region | Department |
| 818.575.5603 | Phone |
| 818.575.5609 | Fax |
| anthony.ray@vw.com | E-Mail |
| September 16, 2009 | Date |

PERSONAL AND CONFIDENTIAL

VIA FedEx Tracking # - 796930266300

Mr. Steve Wackerli
Wackerli Volkswagen - 419124
2250 N. Holmes Ave.
Idaho Falls, ID 83401

Volkswagen of America, Inc.
5388 Sterling Center Drive
Westlake Village, CA 91361

Re:    Dealership Performance

Dear Mr. Wackerli:

The purpose of this letter is to inform you about Volkswagen of America, Inc. a division of Volkswagen Group of America, Inc. ("VWoA") concerns about the performance of Wackerli Volkswagen. Until at least minimum expected levels of performance are sustained, I will continue to keep you informed of Wackerli Volkswagen's performance as outlined by the following measurements.

The Sales Effectiveness for Wackerli Volkswagen is 37% based on R. L. Polk & Co. June 2009 year-to-date ("YTD") vehicle registration data. This level of sales effectiveness is well below the 100% minimum expected level of performance. Wackerli Volkswagen ranks 17 out of 17 Dealers within Area 59 and 127 of 128 Dealers in the Western Region.

The Sales Satisfaction Index ("SSI") score for Wackerli Volkswagen is 87.3 based on the August 2009 YTD Customer Experience Survey ("CES"). This level of Customer sales satisfaction is below the minimum expected score of 93. Wackerli Volkswagen ranks 12 out of 17 Dealers within Area 59 and 108 of 128 Dealers in the Western Region. Area 59 SSI Score was 91 and the Western Region's SSI Score was 92.3.

The Customer Service Index ("CSI") score for Wackerli Volkswagen is 79 based on the August 2009 YTD CES. This level of Customer service satisfaction is below the minimum expected score of 85.5. Wackerli Volkswagen ranks 17 out of 17 Dealers within Area 59 and 127 of 128 Dealers in the Western Region. Area 59 CSI Score was 88.6 and the Western Region's CSI Score was 89.2.

VWoA is very concerned over the poor performance of Wackerli Volkswagen. The above listed deficiencies must be resolved and performance brought up to the minimum expected levels.

Your VWoA Area Team is willing and prepared to assist you in resolving the deficiencies listed above. However, please be aware that the development and implementation of an action plan to cure these deficiencies is the responsibility of Wackerli Volkswagen.

Sincerely,

Anthony Ray
Network Development Manager

cc: Corporate File