EXHIBIT V



**Jessica Wilson**
Litigation Paralegal
2105 Coronado Street • Idaho Falls, ID 83404
Phone (208) 557-5223 • Fax (208) 529-9732
Email jessica@beardstclair.com

**VIA HAND DELIVERY**

July 23, 2012

Clerk of the Court
Bonneville County Courthouse
605 N. Capital Avenue
Idaho Falls, ID 83402

*Re: B.A. Wackerli v. Volkswagen of America, Inc., et al, NEW COMPLAINT FILING*

Dear Clerk:

Please find enclosed the following documents to be filed in the above referenced matter:

1. Petition for Judicial Review of Agency Action;

2. Summons (Audit of America, Inc.)

3. Summons (Volkswagen of America, Inc.)

4. Summons (Idaho Transportation Department)

5. Plaintiff's Motion for Temporary Restraining Order and For Stay Pursuant to IC 67-5274

6. Affidavit of John M. Avondet in Support of Motion for Temporary Restraining Order and Stay

7. Check in amount of $96.00 for filing fees.

Please file the originals, conform the copies and return them to our courthouse box.

If you have any questions, please let me know.

Thank you,

Jessica Wilson
Litigation Paralegal
Enclosures: as stated
cc:    Stephen Thomas/Steve Yatvin

---

Attorneys licensed in Idaho  Colorado  Oregon  Washington  Wyoming  Utah

| | | | | | |
|---|---|---|---|---|---|
| Winston V. Beard | John G. St. Clair | Michael D. Gaffney | Harlow J. McNamara | Dale P. Thomson | Gregory C. Calder |
| Jarin O. Hammer | Lance J. Schuster | Jeffrey D. Brunson | Dan C. Dümmar | Jared W. Allen | John M. Avondet |
| Julie Stomper | Michael W. Brown | Carrie J. Gorgacz | Cortney H. Remund | | |
| Gordon S. Thatcher | Blair J. Grover | E. Scott Lee | | | |
| of Counsel | of Counsel | of Counsel | | | |

Michael D. Gaffney, ISB No. 3558
John M. Avondet, ISB No. 7438
BEARD ST. CLAIR GAFFNEY PA
2105 Coronado Street
Idaho Falls, Idaho 83404-7495
Telephone: (208) 523-5171
Facsimile: (208) 529-9732
Email: gaffney@beardstclair.com
        javondet@beardstclair.com

Attorneys for the Plaintiff

# IN THE SEVENTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, COUNTY OF BONNEVILLE

| | |
|---|---|
| B.A. WACKERLI, CO., a corporation,<br><br>     Plaintiff,<br><br>vs.<br><br><br>VOLKSWAGEN OF AMERICA, INC., a corporation; AUDI OF AMERICA, INC., a corporation; IDAHO TRANSPORTATION DEPARTMENT, an agency of the State of Idaho. | Case No.: CV-12·<br><br><br>**PETITION FOR JUDICIAL REVIEW OF AGENCY ACTION** |

The plaintiff, through counsel, complains against the defendants as follows:

## PARTIES

1.  The plaintiff, B.A. Wackerli, Co. (hereafter Wackerli), is an Idaho corporation licensed and authorized to do business in Idaho. Wackerli's principle place of business is in Bonneville County, Idaho.

2. The defendant, Volkswagen of America, Inc. (VoA), is the assumed business name for Volkswagen Group of America, Inc., a New Jersey corporation licensed and authorized to do business in Idaho.

3. The defendant, Audi of America, Inc. (AoA), is another assumed business name for Volkswagen Group of America, Inc., a New Jersey corporation licensed and authorized to do business in Idaho.

4. The defendant, Idaho Transportation Department (ITD), is an administrative agency of the State of Idaho.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over the parties pursuant to Idaho Code § 5-514.

6. This Court has subject matter jurisdiction over this matter pursuant to Idaho Code § 5-401 and Idaho Code § 67-5270-5279.

7. Venue is proper in Bonneville County, Idaho pursuant to Idaho Code § 67-5272(1)(c).

## GENERAL ALLEGATIONS

8. Wackerli realleges and incorporates the previous paragraphs by reference.

9. Wackerli and VoA are parties to a dealer agreement dated June 30, 1998, and Wackerli has a separate dealer agreement with AoA.

10. The dealer agreements approve of Wackerli's current location for the dealership and provide that Wackerli cannot relocate the dealership operations without prior consent.

11. In February 2009, Wackerli filed for bankruptcy protections under Chapter 11 of the United States Bankruptcy Code.

12. Wackerli, VoA, and AoA resolved their respective claims and objections in the bankruptcy in an April 28, 2010 Settlement Agreement.

13. The Settlement Agreement required Wackerli to construct a new, shared facility for the Volkswagen and Audi vehicle dealerships. The dealership was to be completed within 18 months of the bankruptcy court approving of Wackerli's reorganization plan or March 31, 2012, whichever was earlier.

14. On April 1, 2011, VoA sent Wackerli a notice of default under the Settlement Agreement. AoA followed with its own notice of default on April 20, 2011.

15. In January 2012, VoA and AoA issued notices of termination for Wackerli's franchises asserting that Wackerli had breached its obligations under the Settlement Agreement in the bankruptcy court.

16. Wackerli filed protests of the franchise terminations with the Idaho Transportation Department, pursuant to Idaho Code § 49-1617(1), on February 2, 2012.

17. ITD heard Wackerli's protest on April 25 & 26, 2012, in Boise Idaho.

18. On June 8, 2012, ITD denied Wackerli's protests for both VoA and AoA, finding that good cause existed to terminate the dealer franchise agreements.

19. Wackerli petitioned for reconsideration of the denial of both protests on June 21, 2012.

20. ITD denied the combined petition for reconsideration on June 25, 2012.

21. Wackerli filed a petition for review by the ITD director on June 29, 2012.

22. During the pendency of the review by the ITD director, VoA and AoA informed Wackerli that the termination would become effective on July 13, 2012. The intent to terminate involves disconnecting Wackerli's computers from the VoA and AoA servers and systems, removal of signage, cessation of all open warranty work, and submission of all reimbursements by that time. It also requires Wackerli to cease using all authorized trademarks and intellectual property owned or licensed by VoA and AoA.

23. On July 12, 2012, ITD issued an order dismissing the petition for review and dissolving the administrative stay imposed by ITD. ITD did so on the basis that pursuant to Idaho Code § 49-1617(3), the 120 days for ITD to review preliminary or recommended orders had lapsed and the preliminary order had become final.

## COUNT ONE: JUDICIAL REVIEW OF AGENCY DECISION

24. All prior paragraphs are incorporated by reference.

25. Pursuant to Idaho Code § 67-5271, Wackerli is entitled to judicial review of ITD's action and the ITD order that has now become final.

26. The agency for which judicial review is sought is the Idaho Transportation Department.

27. The petition is taken to the District Court of the Seventh Judicial District of the State of Idaho.

28. ITD issued a preliminary order in the matter of the protest of the franchise termination dispute between the plaintiff and defendants on June 8, 2012. The hearing officer denied Wackerli's petition for reconsideration on June 25, 2012. The ITD director dismissed Wackerli's petition for review and adopted the preliminary order as the ITD final order on July 13, 2012.

29. A hearing and oral presentation was heard by the ITD hearing officer on April 25-26, 2012. The hearing was transcribed by an Idaho Certified Shorthand Reporter and Notary Public for the State of Idaho from Burhnam, Habel & Associates, whose address is P.O. Box 835, Boise, Idaho 83701.

30. The issues for judicial review include the following:

    a. The ITD final order violates Wackerli's constitutional rights under due process;

    b. The ITD final order exceeds the statutory authority of the agency;

    c. The ITD final order was made under an unlawful procedure; and,

    d. The ITD final order constitutes arbitrary and capricious conduct on the part of the agency, or is an abuse of discretion in failing to apply applicable law.

31. Wackerli's request for judicial review is timely.

32. A transcript was requested and prepared for post-hearing briefing. Those fees have been paid. A transcript and full agency record is requested pursuant to rule and this petition for review.

33. Wackerli is entitled to a stay of the effectiveness or enforcement of the ITD order pending the Court's review of the order pursuant to Idaho Code § 67-5274.

34. Wackerli's substantial rights have been prejudiced by ITD's actions and Wackerli is entitled to relief from this Court.

35. Wackerli certifies that:

    a. This petition has been served on the state agency rendering the decision;

b. The clerk of the agency has been paid the estimated fee for the preparation of the transcript; and,

c. The clerk of the agency has been paid the estimated fee for the preparation of the record.

## COUNT TWO: TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION

36. Wackerli realleges and incorporates the previous paragraphs by reference.

37. Pursuant to Rule 65(a) of the Idaho Rules of Civil Procedure, Wackerli requests the entry of a preliminary injunction prohibiting VoA and AoA from terminating its franchise pending issuance of a decision from the ITD director.

38. Wackerli is entitled to a preliminary/permanent injunction for numerous reasons, including but not necessarily limited to the following:

a. Termination of the franchise will produce or cause great or irreparable harm to Wackerli;

b. VoA and AoA are about to terminate the Wackerli franchises in violation of Wackerli's rights to have the district court issue a decision on the petition for review.

39. Wackerli is entitled to the relief demanded in this Complaint and the relief demanded consists of restraining the commission or continuance of the acts of VoA and AoA. *See* IRCP 65(e)(1).

## PRAYER FOR RELIEF

WHEREFORE, Wackerli prays for the following relief from this Court:

1. Entering a temporary restraining order and a preliminary injunction as outlined above.

2. Judicial review of the agency action, with the Court granting relief to Wackerli from the effectiveness or enforcement of the order.

3. An order reversing the final order of the state agency as outlined above.

4. Entering a stay of the effectiveness or enforcement of the ITD order pending judicial review of the ITD action pursuant to Idaho Code § 67-5274 and Idaho Rule of Civil Procedure 84(m).

5. Awarding Wackerli its full, reasonable attorney fees and costs pursuant to Idaho Code § 12-120(3), Rule 54 of the Idaho Rules of Civil Procedure, and any other applicable rule or statute.

6. Awarding Wackerli any other relief deemed just and equitable under the circumstances.

DATED: July 23, 2012

Michael D. Gaffney
John M. Avondet
Of Beard St. Clair Gaffney PA
Attorneys for the Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 23rd day of July, 2012, I caused to be served true and correct copies of the foregoing document to the following parties:

Bonneville County Courthouse
605 N. Capital Avenue
Idaho Falls, ID 83402
Fax: (208) 529-1300

**Via:**
( ) U.S. Mail
(✓) Hand Delivered
( ) Overnight Mail
( ) Facsimile

Stephen R. Thomas
Moffatt Thomas Barrett Rock & Fields
PO Box 829
Boise, ID 83701
Fax: (208) 385-5384

**Via:**
( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
(✓) Email (pdf attachment)

Owen H. Smith
Steve Yatvin
Barack Ferrazzano Kirschbaum & Nagelberg
200 West Madison Street, Suite 3900
Chicago, IL 60606
owen.smith@bfkn.com
steve.yatvin@bfkn.com
Fax: (312) 984-3150

**Via:**
( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
(✓) Email (pdf attachment)

Michael D. Gaffney
Of Beard St. Clair Gaffney PA
Attorneys for Plaintiff

Michael D. Gaffney, ISB No. 3558
John M. Avondet, ISB No. 7438
BEARD ST. CLAIR GAFFNEY PA
2105 Coronado Street
Idaho Falls, Idaho 83404-7495
Telephone: (208) 523-5171
Facsimile: (208) 529-9732
Email: gaffney@beardstclair.com
        javondet@beardstclair.com

Attorney for the Petitioner

# IN THE SEVENTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, COUNTY OF BONNEVILLE

| | |
|---|---|
| B.A. WACKERLI, CO., a corporation, | |
| Petitioner, | |
| vs. | Case No.: CV-12- |
| | PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR STAY PURSUANT TO IDAHO CODE § 67-5274 |
| VOLKSWAGEN OF AMERICA, INC., a corporation; AUDI OF AMERICA, INC., a corporation; and, IDAHO TRANSPORTATION DEPARTMENT, an agency of the State of Idaho, | |
| Respondents. | |

The petitioner, through counsel, respectfully moves this Court pursuant to Idaho

Rule of Civil Procedure 65 for a Temporary Restraining Order on the basis that the

petitioner will suffer irreparable harm if a TRO is not entered. The basis for the TRO is

set forth in the Affidavit of Steve Wackerli, which is attached to an affidavit of counsel as Exhibit A.

## COURSE OF PROCEEDINGS

The petitioner originally filed suit against Volkswagen of America, Inc. and Audi of America, Inc. (VW/Audi), on July 11, 2012, alleging breach of contract and seeking a TRO. (Counsel Aff. Ex. B.) Judge Joel Tingey entered a TRO on July 11, 2012 and scheduled a hearing on July 24, 2012. (*Id.* Ex. C.) Wackerli amended its complaint as a matter of right and added a count for judicial review of agency action on July 17, 2012. (*Id.* Ex. D.) VW/Audi removed the state court action in its entirety to federal court on July 23, 2012. (*Id.* Ex. E.) Wackerli dismissed its Count Three seeking judicial review also on July 23, 2012. (*Id.* Ex. F.) Wackerli then filed the instant lawsuit also on July 23, 2012.

## ARGUMENT

The Court should enter a TRO in this case in order to prevent Wackerli from suffering great or irreparable harm that would occur if VW/Audi were allowed to terminate the Wackerli franchise agreements. Steve Wackerli's affidavit identifies the significant effects that termination will have on the Wackerli business enterprise. VW/Audi have gone to great lengths to terminate the franchises, including removing the original state court lawsuit on the eve of a hearing on the preliminary injunction with the goal of "running out the clock" and having the TRO lapse as a matter of law. However, VW/Audi's legal maneuverings should not prevail in the interests of justice and equity. The Court should be allowed to review the ITD final order and make an informed decision on whether the ITD decision is proper. A TRO, preliminary injunction, or stay

should be entered until such time as a final determination about the propriety of the ITD final order.

Under Idaho Code § 67-5274, the Court has the authority to stay the effectiveness or enforceability of any order from a state court agency. Such a stay may be made on "appropriate terms." *Id.* § 67-5274. Wackerli submits that even if the Court is disinclined to enter a TRO or preliminary injunction that the Court should enter a stay on the ITD order pending the outcome of the judicial review process. The reason for Wackerli's position is that if the Court were to allow termination to proceed pending judicial review and then the Court finds that ITD abused its discretion or otherwise committed error that unwinding the consequences of termination would be unnecessarily complicated, convoluted, and would never make Wackerli whole. The only way to preserve Wackerli's interests is to preserve the status quo and stay the enforceability of the ITD order.

VW/Audi cannot articulate any prejudice to them arising out of stay. They would not suffer any deleterious consequences to the termination order being suspended because their contracts with Wackerli would continue. The rights and obligations of the parties would be ongoing and VW/Audi is no worse off under a stay than it otherwise would be.

## CONCLUSION

As a result of the foregoing, the Court should grant Wackerli's request for a TRO or, alternatively, a stay pursuant to Idaho Code § 67-5274.

DATED: July 27, 2012

Michael D. Gaffney
John M. Avondet
Of Beard St. Clair Gaffney PA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 23th day of July, 2012, I caused to be served true and correct copies of the foregoing document to the following parties:

Bonneville County Courthouse
605 N. Capital Avenue
Idaho Falls, ID 83402
Fax: (208) 529-1300

**Via:**
( ) U.S. Mail
(X) Hand Delivered
( ) Overnight Mail
( ) Facsimile

Stephen R. Thomas
Moffatt Thomas Barrett Rock & Fields
PO Box 829
Boise, ID 83701
Fax: (208) 385-5384

**Via:**
( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
(X) Email (pdf attachment)

Owen H. Smith
Steve Yatvin
Barack Ferrazzano Kirschbaum & Nagelberg
200 West Madison Street, Suite 3900
Chicago, IL 60606
owen.smith@bfkn.com
steve.yatvin@bfkn.com
Fax: (312) 984-3150

**Via:**
( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
(X) Email (pdf attachment)

Michael D. Gaffney
Of Beard St. Clair Gaffney PA
Attorneys for Plaintiff

Michael D. Gaffney, ISB No. 3558
BEARD ST. CLAIR GAFFNEY PA
2105 Coronado Street
Idaho Falls, Idaho 83404-7495
Telephone: (208) 523-5171
Facsimile: (208) 529-9732
Email: gaffney@beardstclair.com

Attorney for the Plaintiff

# IN THE SEVENTH JUDICIAL DISTRICT OF THE
# STATE OF IDAHO, COUNTY OF BONNEVILLE

| | |
|---|---|
| B.A.WACKERLI, CO., a corporation,<br><br>    Plaintiff,<br><br>vs.<br><br><br><br>VOLKSWAGEN OF AMERICA, INC., a corporation; AUDI OF AMERICA, INC., a corporation; IDAHO TRANSPORTATION DEPARTMENT, an agency of the State of Idaho. | Case No.: CV-12-.<br><br>AFFIDAVIT OF JOHN M. AVONDET IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND STAY |

STATE OF IDAHO    )
                 )ss.
County of Bonneville )

        John M. Avondet, having been duly sworn on oath, deposes and states:

    1.  I am an attorney with the law firm, Beard St. Clair Gaffney PA, and counsel for

the plaintiff in the above entitled matter.

    2.  I am competent to testify and do so from personal knowledge.

3. Attached as Exhibit A is a true and correct copy of the Affidavit of Steve Wackerli dated July 12, 2012.

4. Attached as Exhibit B is a true and correct copy of the Complaint and Jury Demand dated July 11, 2012.

5. Attached as Exhibit C is a true and correct copy of the Temporary Restraining Order entered on July 12, 2012.

6. Attached as Exhibit D is a true and correct copy of the Amended Complaint, Jury Demand and Petition for Judicial Review of Agency Action dated July 17, 2012.

7. Attached as Exhibit E is a true and correct copy of the Notice of Removal dated July 23, 2012.

8. Attached as Exhibit F is a true and correct copy of the Notice of Voluntary Dismissal of Count Three of Amended Complaint Without Prejudice dated July 23, 2012.

DATED: July 23, 2012

John M. Avondet

Subscribed and sworn to before me on this 23rd day of July, 2012.

Notary Public for Idaho
Residing at: Idaho Falls, ID
My Commission Expires: 9/11/14
(SEAL)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 23th day of July, 2012, I caused to be served true and correct copies of the foregoing document to the following parties:

Bonneville County Courthouse
605 N. Capital Avenue
Idaho Falls, ID 83402
Fax: (208) 529-1300

**Via:**
( ) U.S. Mail
(✓) Hand Delivered
( ) Overnight Mail
( ) Facsimile

Stephen R. Thomas
Moffatt Thomas Barrett Rock & Fields
PO Box 829
Boise, ID 83701
Fax: (208) 385-5384

**Via:**
( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
(✓) Email (pdf attachment)

Owen H. Smith
Steve Yatvin
Barack Ferrazzano Kirschbaum & Nagelberg
200 West Madison Street, Suite 3900
Chicago, IL 60606
owen.smith@bfkn.com
steve.yatvin@bfkn.com
Fax: (312) 984-3150

**Via:**
( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
(✓) Email (pdf attachment)

Michael D. Gaffney
Of Beard St. Clair Gaffney PA
Attorneys for Plaintiff

Michael D. Gaffney, ISB No. 3558
BEARD ST. CLAIR GAFFNEY PA
2105 Coronado Street
Idaho Falls, Idaho 83404-7495
Telephone: (208) 523-5171
Facsimile: (208) 529-9732
Email: gaffney@beardstclair.com

Attorney for the Plaintiff

# IN THE SEVENTH JUDICIAL DISTRICT OF THE
# STATE OF IDAHO, COUNTY OF BONNEVILLE

| | |
|---|---|
| B.A. WACKERLI, CO., a corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>VOLKSWAGEN OF AMERICA, INC., a corporation, & AUDI OF AMERICA, INC., a corporation. | Case No.: CV-12-3822<br><br>AFFIDAVIT OF STEVE WACKERLI |

STATE OF IDAHO      )
                    ) ss.
COUNTY OF BONNEVILLE )

I, Steve Wackerli, having first been sworn, hereby depose and state:

1. I am over the age of 18, am competent to testify, and do so from personal knowledge.

2. I am the president of B.A. Wackerli, Co., the plaintiff in this action.

3. Wackerli currently carries Buick, GMC, Cadillac, Subaru, VW, and Audi at three locations in Idaho Falls.

**EXHIBIT**

_____A_____

Affidavit of Steve Wackerli    1

4. Wackerli has been a VW/Audi dealer in Idaho Falls for 23 years with an honest and trusting reputation in the community.

5. Termination of the Wackerli Volkswagen and Audi franchises on July 13, 2012 would result in the following:

   a. Loss of jobs. Dealerships employees approx. 70 employees with 30% employed at VW/Audi facility (21 individuals). With their spouses and dependents this could affect over 50 people.

   b. Cancelling the franchises would jeopardize Wackerli's credit relationship with its current bank that provides credit lines for inventory at all three Wackerli dealerships.

   c. Wackerli has spent over $100,000 in training of VW & Audi managers, mechanics and sales consultants in the last 15 months. There is a substantial risk of a mass employee departure.

   d. Approx. 38% of overall corporate sales and service revenue comes from VW/Audi. This would be a huge loss to Wackerli.

   e. Adverse publicity would affect Wackerli's overall reputation and create significant customer confusion and dissatisfaction.

   f. Sold order cars for customers would be delivered to another dealer location at a great inconvenience for the customer to pick up. The closest for VW is Twin Falls and the closest for Audi is Utah.

   g. Cancelling computer communications would make it so dealership could not order parts, do warranty work on customer vehicles, or sale VW or Audi vehicles.

h. Currently 30 backlog of service work that we could not complete.

i. Hardship on 23 years of loyal VW/Audi Customers.

DATED: July 14 2012

Steve Wackerli

Subscribed and sworn to before me this 13th day of July, 2012

Notary Public for Idaho
Residing at: Idaho Falls, ID
Commission expires: 9-11-14
(SEAL) JESSICA WILSON

NOTARY
PUBLIC
STATE OF IDAHO

Michael D. Gaffney, ISB No. 3558
BEARD ST. CLAIR GAFFNEY PA
2105 Coronado Street
Idaho Falls, Idaho 83404-7495
Telephone: (208) 523-5171
Facsimile: (208) 529-9732
Email: gaffney@beardstclair.com

Attorney for the Plaintiff

# IN THE SEVENTH JUDICIAL DISTRICT OF THE
## STATE OF IDAHO, COUNTY OF BONNEVILLE

| | |
|---|---|
| B.A. WACKERLI, CO., a corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>VOLKSWAGEN OF AMERICA, INC., a corporation, & AUDI OF AMERICA, INC., a corporation. | Case No.: CV-12- 3822<br><br>COMPLAINT AND JURY DEMAND |

The plaintiff, through counsel, complains against the defendants as follows:

## PARTIES

1. The plaintiff, B.A. Wackerli, Co. (hereafter Wackerli), is an Idaho corporation licensed and authorized to do business in Idaho. Wackerli's principle place of business is in Bonneville County, Idaho.

2. The defendant, Volkswagen of America, Inc. (VoA), is the assumed business name for Volkswagen Group of America, Inc., a New Jersey corporation licensed and authorized to do business in Idaho.



**EXHIBIT**

B

COMPLAINT AND JURY DEMAND   1

3. The defendant, Audi of America, Inc. (AoA), is another assumed business name for Volkswagen Group of America, Inc., a New Jersey corporation licensed and authorized to do business in Idaho.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over the parties pursuant to Idaho Code § 5-514.

5. This Court has subject matter jurisdiction over this matter pursuant to Idaho Code § 5-401.

6. Venue is proper in Bonneville County, Idaho.

## GENERAL ALLEGATIONS

7. Wackerli realleges and incorporates the previous paragraphs by reference.

8. Wackerli and VoA are parties to a dealer agreement dated June 30, 1998, and has a separate dealer agreement with AoA.

9. The dealer agreements approve of Wackerli's current location for the dealership and provide that Wackerli cannot relocate the dealership operations without prior consent.

10. In February 2009, Wackerli filed for bankruptcy protections under Chapter 11 of the United States Bankruptcy Code.

11. Wackerli, VoA, and AoA resolved their respective claims and objections in the bankruptcy in an April 28, 2010 Settlement Agreement.

12. The Settlement Agreement required Wackerli to construct a new, shared facility for the Volkswagen and Audi vehicle dealerships. The dealership was to be completed

within 18 months of the bankruptcy court approving of Wackerli's reorganization plan or March 31, 2012, whichever was earlier.

13. On April 1, 2011, VoA sent Wackerli a notice of default under the Settlement Agreement. AoA followed with its own notice of default on April 20, 2011.

14. In January 2012, VoA and AoA issued notices of termination for Wackerli's franchises asserting that Wackerli had breached its obligations under the Settlement Agreement in the bankruptcy court.

15. Wackerli filed protests of the franchise terminations with the Idaho Transportation Department, pursuant to Idaho Code § 49-1617(1), on February 2, 2012.

16. ITD heard Wackerli's protest on April 25 & 26, 2012, in Boise Idaho.

17. On June 8, 2012, ITD denied Wackerli's protests for both VoA and AoA, finding that good cause existed to terminate the dealer franchise agreements.

18. Wackerli petitioned for reconsideration of the denial of both protests on June 21, 2012.

19. ITD denied the combined petition for reconsideration on June 25, 2012.

20. Wackerli filed a petition for review by the ITD director on June 29, 2012.

21. As of the date of this filing, ITD has not issued a decision on the petition for review.

22. Notwithstanding the fact that there is a pending petition for review by the ITD director, VoA and AoA have informed Wackerli that the termination will become effective on July 13, 2012. The intent to terminate involves disconnecting Wackerli's computers from the VoA and AoA servers and systems, removal of signage, cessation of all open warranty work, and submission of all reimbursements by that time. It also

requires Wackerli to cease using all authorized trademarks and intellectual property owned or licensed by VoA and AoA.

## COUNT ONE: PRELIMINARY INJUNCTION/TEMPORARY RESTRAINING ORDER

23. Wackerli realleges and incorporates the previous paragraphs by reference.

24. Pursuant to Rule 65(a) of the Idaho Rules of Civil Procedure, Wackerli requests the entry of a preliminary injunction prohibiting VoA and AoA from terminating its franchise pending issuance of a decision from the ITD director.

25. Wackerli is entitled to a preliminary/permanent injunction for numerous reasons, including but not necessarily limited to the following:

      a. Termination of the franchise will produce or cause great or irreparable harm to Wackerli;

      b. VoA and AoA is about to terminate the Wackerli franchises in violation of Wackerli's rights to have the ITD director fully review and issue a decision on the petition for review.

26. Wackerli is entitled to the relief demanded in this Complaint and the relief demanded consists of restraining the commission or continuance of the acts of VoA and AoA. *See* IRCP 65(e)(1).

## COUNT TWO: BREACH OF CONTRACT

27. Wackerli realleges and incorporates the previous paragraphs by reference.

28. Wackerli, VoA, and AoA entered into a Settlement Agreement.

29. Wackerli has substantially performed its obligations under the Settlement Agreement and is not in material breach.

30. VoA and AoA materially breached their obligations arising under the Settlement Agreement by not providing proper inventory to Wackerli to make the construction of a dual franchise facility economically viable. This issue is being reviewed by the ITD director.

31. VoA and AoA's material breaches are the direct and proximate cause of harm to Wackerli.

32. Wackerli has been damaged in an amount to be determined at trial and in excess of the jurisdictional minimum of this Court.

33. Wackerli should be awarded reasonable attorney fees and costs incurred herein pursuant to Rule 54 of the Idaho Rules of Civil Procedure, Idaho Code § 12-120, § 12-121, and any other applicable rule or law.

## PRAYER FOR RELIEF

WHEREFORE, Wackerli prays for the following relief from this Court:

1. Entering judgment for Wackerli and against VoA and AoA in an amount to be determined at trial.

2. Entering a temporary restraining order and a preliminary injuction as outlined above.

3. Awarding Wackerli its full, reasonable attorney fees and costs pursuant to Idaho Code § 12-120(3), Rule 54 of the Idaho Rules of Civil Procedure, and any other applicable rule or statute.

4. Awarding Wackerli any other relief deemed just and equitable under the circumstances.

## JURY DEMAND

**WACKERLI DEMANDS TRIAL BY JURY ON ALL ISSUES TRIABLE TO A JURY PURSUANT TO RULE 38 OF THE IDAHO RULES OF CIVIL PROCEDURE.**

DATED: July 11, 2012

_____

Michael D. Gaffney
Of Beard St. Clair Gaffney PA
Attorneys for the Plaintiff

7TH JUDICIAL DISTRICT COURT
BONNEVILLE COUNTY, IDAHO

12  JUL 12  P 4:29

Michael D. Gaffney, ISB No. 3558
BEARD ST. CLAIR GAFFNEY PA
2105 Coronado Street
Idaho Falls, Idaho 83404-7495
Telephone: (208) 523-5171
Facsimile: (208) 529-9732
Email: gaffney@beardstclair.com

Attorney for the Plaintiff

## IN THE SEVENTH JUDICIAL DISTRICT OF THE
## STATE OF IDAHO, COUNTY OF BONNEVILLE

| | |
|---|---|
| B.A.WACKERLI, CO., a corporation, | |
| **Plaintiff,** | |
| vs. | Case No.: CV-12-3822 |
| | TEMPORARY RESTRAINING ORDER |
| VOLKSWAGEN OF AMERICA, INC., a corporation, & AUDI OF AMERICA, INC., a corporation. | |

TO: DEFENDANTS, VOLKSWAGEN OF AMERICA, INC. & AUDI OF AMERICA,

INC.

The plaintiff, B.A. Wackerli (Wackerli), having filed a Complaint and Jury

Demand and Motion for Temporary Restraining Order, and good cause appearing, this

Court hereby GRANTS the Motion for Temporary Restraining Order, the grounds and

for the reason that:

1.  It appears from the Complaint and from the other documents and pleadings on file

herein that Plaintiff is entitled to the relief demanded.



EXHIBIT
C

Temporary Restraining Order    1

2. This Temporary Restraining Order is based upon the fact that it appears necessary for the preservation of the rights of the parties and that Wackerli will suffer great or irreparable harm if the Temporary Restraining Order is not entered.

3. This Temporary Restraining Order is issued to preserve the status quo pending a hearing.

IT IS HEREBY ORDERED that the defendants are restrained from terminating Wackerli's franchises until such time as the Court has the opportunity to hear evidence as to the entry of a Preliminary Injunction.

The plaintiff shall file a bond in the amount of $ 5000.00 sufficient to protect the defendant as required by the Court.

This restraining order shall be filed in the clerk's office and entered of record.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall be in full force and effect until the hearing upon the preliminary injunction on July 24, 2012, at 9:00 a.m./p.m. to determine whether this Temporary Restraining Order should continue in effect throughout this lawsuit as a preliminary injunction. At the end of said period, this Temporary Restraining Order shall expire unless it is, for good cause, extended by the Court.

SO ORDERED.

DATED: July 12, 2012



District Judge

## CLERK'S CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of July, 2012, I caused to be

served true and correct copies of the foregoing document to the following parties:

John M. Avondet
Beard St. Clair Gaffney
2105 Coronado Street
Idaho Falls, ID 83404
Fax: (208) 529-9732

**Via:**
( ) U.S. Mail
( ) Hand Delivered
( ) Overnight Mail
(✓) Facsimile

Owen H. Smith
Steve Yatvin
Barack Ferrazzano Kirschbaum & Nagelberg
200 West Madison Street, Suite 3900
Chicago, IL 60606
owen.smith@bfkn.com
steve.yatvin@bfkn.com
Fax: (312) 984-3150

**Via:**
( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
(✓) Facsimile
( ) Email (pdf attachment)

Lee Radford
Moffatt Thomas Barrett Rock & Fields
PO Box 51505
Idaho Falls, ID 83405
Fax: (208) 522-5111

**Via:**
( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
(✓) Facsimile
( ) Email (pdf attachment)

Clerk of the Court

By: _____
        Deputy Clerk

Temporary Restraining Order    3

Michael D. Gaffney, ISB No. 3558
BEARD ST. CLAIR GAFFNEY PA
2105 Coronado Street
Idaho Falls, Idaho 83404-7495
Telephone: (208) 523-5171
Facsimile: (208) 529-9732
Email: gaffney@beardstclair.com

Attorney for the Plaintiff

# IN THE SEVENTH JUDICIAL DISTRICT OF THE
# STATE OF IDAHO, COUNTY OF BONNEVILLE

| | |
|---|---|
| B.A. WACKERLI, CO., a corporation, | |
| Plaintiff, | |
| vs. | Case No.: CV-12- 3822 |
| | AMENDED COMPLAINT, JURY DEMAND, AND PETITION FOR JUDICIAL REVIEW OF AGENCY ACTION |
| VOLKSWAGEN OF AMERICA, INC., a corporation, & AUDI OF AMERICA, INC., a corporation. | |

The plaintiff, through counsel, complains against the defendants as follows:

## PARTIES

1. The plaintiff, B.A. Wackerli, Co. (hereafter Wackerli), is an Idaho corporation

licensed and authorized to do business in Idaho. Wackerli's principle place of business is

in Bonneville County, Idaho.



EXHIBIT
D

AMENDED COMPLAINT, JURY DEMAND AND PETITION FOR   1
JUDICIAL REVIEW OF AGENCY ACTION

2.  The defendant, Volkswagen of America, Inc. (VoA), is the assumed business name for Volkswagen Group of America, Inc., a New Jersey corporation licensed and authorized to do business in Idaho.

3.  The defendant, Audi of America, Inc. (AoA), is another assumed business name for Volkswagen Groupd of America, Inc., a New Jersey corporation licensed and authorized to do business in Idaho.

## JURISDICTION AND VENUE

4.  This Court has personal jurisdiction over the parties pursuant to Idaho Code § 5-514.

5.  This Court has subject matter jurisdiction over this matter pursuant to Idaho Code § 5-401.

6.  Venue is proper in Bonneville County, Idaho.

## GENERAL ALLEGATIONS

7.  Wackerli realleges and incorporates the previous paragraphs by reference.

8.  Wackerli and VoA are parties to a dealer agreement dated June 30, 1998, and has a separate dealer agreement with AoA.

9.  The dealer agreements approve of Wackerli's current location for the dealership and provide that Wackerli cannot relocate the dealership operations without prior consent.

10. In February 2009, Wackerli filed for bankruptcy protections under Chapter 11 of the United States Bankruptcy Code.

11. Wackerli, VoA, and AoA resolved their respective claims and objections in the bankruptcy in an April 28, 2010 Settlement Agreement.

12. The Settlement Agreement required Wackerli to construct a new, shared facility for the Volkswagen and Audi vehicle dealerships. The dealership was to be completed within 18 months of the bankruptcy court approving of Wackerli's reorganization plan or March 31, 2012, whichever was earlier.

13. On April 1, 2011, VoA sent Wackerli a notice of default under the Settlement Agreement. AoA followed with its own notice of default on April 20, 2011.

14. In January 2012, VoA and AoA issued notices of termination for Wackerli's franchises asserting that Wackerli had breached its obligations under the Settlement Agreement in the bankruptcy court.

15. Wackerli filed protests of the franchise terminations with the Idaho Transportation Department, pursuant to Idaho Code § 49-1617(1), on February 2, 2012.

16. ITD heard Wackerli's protest on April 25 & 26, 2012, in Boise Idaho.

17. On June 8, 2012, ITD denied Wackerli's protests for both VoA and AoA, finding that good cause existed to terminate the dealer franchise agreements.

18. Wackerli petitioned for reconsideration of the denial of both protests on June 21, 2012.

19. ITD denied the combined petition for reconsideration on June 25, 2012.

20. Wackerli filed a petition for review by the ITD director on June 29, 2012.

21. As of the date of this filing, ITD has not issued a decision on the petition for review.

22. During the pendency of the review by the ITD director, VoA and AoA informed Wackerli that the termination will become effective on July 13, 2012. The intent to terminate involves disconnecting Wackerli's computers from the VoA and AoA servers

and systems, removal of signage, cessation of all open warranty work, and submission of all reimbursements by that time. It also requires Wackerli to cease using all authorized trademarks and intellectual property owned or licensed by VoA and AoA.

23. On July 12, 2012, ITD issued an order dismissing the petition for review and dissolving the administrative stay imposed by ITD. ITD did so on the basis that pursuant to Idaho Code § 49-1617(3), the 120 days for ITD to review preliminary or recommended orders had lapsed and the preliminary order had become final.

## COUNT ONE: PRELIMINARY INJUNCTION/TEMPORARY RESTRAINING ORDER

24. Wackerli realleges and incorporates the previous paragraphs by reference.

25. Pursuant to Rule 65(a) of the Idaho Rules of Civil Procedure, Wackerli requests the entry of a preliminary injunction prohibiting VoA and AoA from terminating its franchise pending issuance of a decision from the ITD director.

26. Wackerli is entitled to a preliminary/permanent injunction for numerous reasons, including but not necessarily limited to the following:

      a.  Termination of the franchise will produce or cause great or irreparable harm to Wackerli;

      b.  VoA and AoA is about to terminate the Wackerli franchises in violation of Wackerli's rights to have the ITD director fully review and issue a decision on the petition for review.

27. Wackerli is entitled to the relief demanded in this Complaint and the relief demanded consists of restraining the commission or continuance of the acts of VoA and AoA. *See* IRCP 65(e)(1).

## COUNT TWO: BREACH OF CONTRACT

AMENDED COMPLAINT, JURY DEMAND AND PETITION FOR   4
JUDICIAL REVIEW OF AGENCY ACTION

28. Wackerli realleges and incorporates the previous paragraphs by reference.

29. Wackerli, VoA, and AoA entered into a Settlement Agreement.

30. Wackerli has substantially performed its obligations under the Settlement Agreement and is not in material breach.

31. VoA and AoA materially breached their obligations arising under the Settlement Agreement by not providing proper inventory to Wackerli to make the construction of a dual franchise facility economically viable. This issue was being reviewed by the ITD director.

32. VoA and AoA's material breaches are the direct and proximate cause of harm to Wackerli.

33. Wackerli has been damaged in an amount to be determined at trial and in excess of the jurisdictional minimum of this Court.

34. Wackerli should be awarded reasonable attorney fees and costs incurred herein pursuant to Rule 54 of the Idaho Rules of Civil Procedure, Idaho Code § 12-120, § 12-121, and any other applicable rule or law.

### COUNT THREE: JUDICIAL REVIEW OF AGENCY DECISION

35. All prior paragraphs are incorporated by reference.

36. Pursuant to Idaho Code § 67-5271, Wackerli is entitled to judicial review of ITD's action and the ITD order that has now become final.

37. The ITD final order should be reversed on the grounds that:

a. It violates Wackerli's constitutional rights under due process;

b. Exceeds the statutory authority of the agency;

c. Was made under an unlawful procedure; and,

d. Constitutes arbitrary and capricious conduct on the part of the agency, or is an abuse of discretion.

38. Wackerli's request for judicial review is timely.

39. Wackerli is entitled to a stay of the effectiveness or enforcement of the ITD order pending the Court's review of the order pursuant to Idaho Code § 67-5274.

40. Wackerli's substantial rights have been prejudiced by ITD's actions and Wackerli is entitled to relief from this Court.

## PRAYER FOR RELIEF

WHEREFORE, Wackerli prays for the following relief from this Court:

1. Entering judgment for Wackerli and against VoA and AoA in an amount to be determined at trial.

2. Entering a temporary restraining order and a preliminary injuction as outlined above.

3. Judicial review of the agency action, with the Court granting relief to Wackerli from the effectiveness or enforcement of the order.

4. Entering a stay of the effectiveness or enforcement of the ITD order pending judicial review of the ITD action.

5. Awarding Wackerli its full, reasonable attorney fees and costs pursuant to Idaho Code § 12-120(3), Rule 54 of the Idaho Rules of Civil Procedure, and any other applicable rule or statute.

6. Awarding Wackerli any other relief deemed just and equitable under the circumstances.

## JURY DEMAND

**WACKERLI DEMANDS TRIAL BY JURY ON ALL ISSUES TRIABLE TO A JURY PURSUANT TO RULE 38 OF THE IDAHO RULES OF CIVIL PROCEDURE.**

DATED: July 17, 2012

_____

Michael D. Gaffney
Of Beard St. Clair Gaffney PA
Attorneys for the Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17th day of July, 2012, I caused to be served true and correct copies of the foregoing document to the following parties:

Bonneville County Courthouse
605 N. Capital Avenue
Idaho Falls, ID 83402
Fax: (208) 529-1300

**Via:**
( ) U.S. Mail
( ) Hand Delivered
( ) Overnight Mail
(✓) Facsimile

Lee Radford
Moffatt Thomas Barrett Rock & Fields
PO Box 51505
Idaho Falls, ID 83405
Fax: (208) 522-5111

**Via:**
( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
(✓) Facsimile
( ) Email (pdf attachment)

_____

Michael D. Gaffney
Of Beard St. Clair Gaffney PA
Attorneys for Plaintiff

Stephen R. Thomas, ISB No. 2326
Lee Radford, ISB No. 5719
MOFFATT, THOMAS, BARRETT, ROCK &
    FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho 83701
Telephone (208) 345-2000
Facsimile (208) 385-5384
srt@moffatt.com
klr@moffatt.com
23748.0001

Attorneys for Defendants,
Volkswagen of America, Inc.
and Audi of America, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| B.A. WACKERLI, CO., a corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>VOLKSWAGEN OF AMERICA, INC., a corporation, & AUDI OF AMERICA, INC., a corporation,<br><br>        Defendants. | Case No. 4:12-cv-373<br><br>**NOTICE OF REMOVAL** |

      PLEASE TAKE NOTICE that Defendants Volkswagen of America, Inc.

("VWoA") and Audi of America, Inc. ("AoA"), both operating units of Volkswagen Group of

America, Inc., by and through their undersigned counsel, hereby remove the above-captioned

civil action, and all claims and causes of action therein, from the Seventh Judicial District of the

State of Idaho, County of Bonneville, to the United States District Court for the District of Idaho,

**NOTICE OF REMOVAL - 1**



EXHIBIT

E

Client:2499910.1

pursuant to 28 U.S.C. §§ 1441(b) and 1446. In further support of such removal, Defendants state as follows:

    1.    On or about July 11, 2012, Plaintiff B.A. Wackerli, Co. ("Wackerli") filed a summons and complaint in the above-captioned action in the Seventh Judicial District of the State of Idaho, County of Bonneville, under Case No. CV-12-3822 (the "State Court Action").

    2.    On July 12, 2012, Wackerli notified Defendants of the State Court Action but did not serve either Defendant with the summons and complaint. A true and correct copy of the notice provided by Wackerli, which includes a copy of the summons and complaint, as well as other pleadings, is attached hereto as **Exhibit A.**

    3.    On July 17, 2012, Wackerli notified Defendants that it had filed an amended complaint in the State Court Action (the "Amended Complaint") but, to date, has not served either Defendant with summons or the Amended Complaint. A true and correct copy of the notice of the Amended Complaint provided by Wackerli is attached hereto as **Exhibit B.**

    4.    The following additional documents have been filed in the State Court Action: (i) Plaintiff's Motion for Temporary Restraining Order and accompanying papers, true and correct copies of which are attached as **Exhibit C**; (ii) July 12, 2012 Temporary Restraining Order, a true and correct copy of which is attached as **Exhibit D**; (iii) Defendants' Motion to Dissolve Temporary Restraining Order and accompanying papers, true and correct copies of which are attached as **Exhibit E**; (iv) Defendants' Notice of Expedited Hearing, attached as **Exhibit F**; (v) Affidavit of Stephen R. Thomas in Support of Defendants' Motion to Dissolve Temporary Restraining Order, a true and correct copy of which is attached as **Exhibit G**; (vi) Supplemental Brief in Further Support of Defendants' Motion to Dissolve Temporary Restraining Order; a true and correct copy of which is attached as **Exhibit H**; (vii) Plaintiff's

**NOTICE OF REMOVAL - 2**                                        Client:2499910.1

Motion to Amend Complaint and accompanying papers, true and correct copies of which are attached as **Exhibit I**; (viii) Plaintiff's Notice of Hearing and Motion to Shorten Time, true and correct copies of which are attached as **Exhibit J**; (ix) July 20, 2012 Order denying Motion to Dissolve Temporary Restraining Order, a true and correct copy of which is attached as **Exhibit K**; (x) Plaintiff's Notice of Intent to Offer Testimony and Present Evidence and to Cross-Examine Witnesses, a true and correct copy of which is attached as **Exhibit L**; and (xi) Plaintiff's Amended Notice of Hearing and Motion to Shorten Time, true and correct copies of which are attached as **Exhibit M**. There have been no other process, pleadings or orders served upon VWoA or AoA or filed with the state court. A true and correct copy of the Bonneville County Register of Actions is attached hereto as **Exhibit N**.

5.      Defendants cause this Notice of Removal to be filed less than thirty (30) days after notice of the State Court Action. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

6.      This Court has original jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a), because the matter in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.

**CITIZENSHIP OF THE PARTIES**

7.      Plaintiff Wackerli is a citizen of Idaho, as it is a corporation organized under the laws of Idaho with its principal place of business in Bonneville County, Idaho.

8.      Defendant VWoA is a citizen of New Jersey and Virginia, as it is a corporation organized under the laws of the State of New Jersey, with its principal place of business at 2200 Ferdinand Porsche Drive, Herndon, Virginia 20171.

**NOTICE OF REMOVAL - 3**

9.     Defendant AoA is a citizen of is a citizen of New Jersey and Virginia, as it is a corporation organized under the laws of the State of New Jersey, with its principal place of business at 2200 Ferdinand Porsche Drive, Herndon, Virginia 20171.

10.     Accordingly, this action is between citizens of different states.

### AMOUNT IN CONTROVERSY

11.     In the complaint, Wackerli asserts a claim for breach of contract. Wackerli seeks money damages and an order enjoining Wackerli from terminating Wackerli's franchise agreements with VWoA and AoA, respectively.

12.     The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000. Indeed, among other things, the Affidavit of Steve Wackerli, filed with and in support of the complaint, alleges that termination of Wackerli's franchise agreements would cause Wackerli to incur "over $100,000" in losses relating to training costs, and would jeopardize Wackerli's credit lines for its other dealerships, which VWoA and AoA understand to be in excess of $1,000,000. *See* Ex. A, Wackerli Aff., at ¶ 5.

13.     Written notice of the filing of this Notice of Removal will be given to all parties.

14.     A true and correct copy of this Notice of Removal will be filed with the clerk of the Seventh Judicial District of the State of Idaho, County of Bonneville.

WHEREFORE, Defendants VWoA and AoA respectfully request that the action described in this Notice of Removal and now pending in the Seventh Judicial District of the State

of Idaho, County of Bonneville, be removed to the United States District Court for the District of

Idaho, and that the case proceed in this Court as an action properly removed thereto.

DATED this 23rd day of July, 2012.

MOFFATT, THOMAS, BARRETT, ROCK &
FIELDS, CHARTERED

By _____

Stephen R. Thomas – Of the Firm
Attorneys for Attorneys for Defendants,
Volkswagen of America, Inc.
and Audi of America, Inc.

Of Counsel:

Steven J. Yatvin
Owen H. Smith
BARACK FERRAZZANO
  KIRSCHBAUM & NAGELBERG LLP
200 West Madison Street
Suite 3900
Chicago, Illinois 60606
Telephone: (312) 984-3100

**NOTICE OF REMOVAL - 5**                        Client:2499910.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of July, 2012, I filed the foregoing NOTICE OF REMOVAL electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Michael D. Gaffney**
gaffney@beardstclair.com
*Attorneys for Plaintiff B.A. Wackerli, Co.*

Stephen R. Thomas

**NOTICE OF REMOVAL - 6**

Michael D. Gaffney, ISB No. 3558
BEARD ST. CLAIR GAFFNEY PA
2105 Coronado Street
Idaho Falls, Idaho 83404-7495
Telephone: (208) 523-5171
Facsimile: (208) 529-9732
Email: gaffney@beardstclair.com

Attorney for the Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| B.A. WACKERLI, CO., a corporation, | |
| Plaintiff, | |
| vs. | Case No.: 4:12-cv-373 |
| | NOTICE OF VOLUNTARY DISMISSAL OF COUNT THREE OF AMENDED COMPLAINT WITHOUT PREJUDICE |
| VOLKSWAGEN OF AMERICA, INC., a corporation, & AUDI OF AMERICA, INC., a corporation. | |

Plaintiff, by and through counsel of record, hereby gives notice of voluntary

dismissal of Count Three of its Amended Complaint without prejudice pursuant to Rule

41(a)(1) of the Federal Rules of Civil Procedure.

DATED: July 23, 2012

_____
Michael D. Gaffney
Of Beard St. Clair Gaffney PA
Attorneys for the Plaintiff



Notice of Voluntary Dismissal of Count Three of Amended Complaint    1
Without Prejudice

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 23[th] day of July, 2012, I caused to be served true and correct copies of the foregoing document to the following parties:

U. S. District Court
District of Idaho
801 E. Sherman
Pocatello, ID 83201

**Via:**
(✓) CM/ECF

Stephen R. Thomas
Lee Radford
Moffatt Thomas Barrett Rock & Fields
PO Box 829
Boise, ID 83701
Fax: (208) 385-5384
srt@moffatt.com
klr@moffatt.com

**Via:**
( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
(✓) CM/ECF

Owen H. Smith
Steve Yatvin
Barack Ferrazzano Kirschbaum & Nagelberg
200 West Madison Street, Suite 3900
Chicago, IL 60606
owen.smith@bfkn.com
steve.yatvin@bfkn.com
Fax: (312) 984-3150

**Via:**
( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
(✓) Email

Michael D. Gaffney
Of Beard St. Clair Gaffney PA
Attorneys for Plaintiff

Notice of Voluntary Dismissal of Count Three of Amended Complaint    2
Without Prejudice

## Notices
4:12-cv-00373-CWD B.A. Wackerli, Co. v. Volkswagen of America, Inc. et al

### U.S. District Court

### District of Idaho (LIVE Database)Version 5.1.1

## Notice of Electronic Filing

The following transaction was entered by Gaffney, Michael on 7/23/2012 at 2:56 PM MDT and filed on 7/23/2012

**Case Name:** B.A. Wackerli, Co. v. Volkswagen of America, Inc. et al
**Case Number:** 4:12-cv-00373-CWD
**Filer:** B.A. Wackerli, Co.
**Document Number:** 2

**Docket Text:**
**NOTICE by B.A. Wackerli, Co.** *of Voluntary Dismissal of Count Three of Amended Complaint Without Prejudice* **(Gaffney, Michael)**

### 4:12-cv-00373-CWD Notice has been electronically mailed to:

Lee Radford    klr@moffatt.com, ecf@moffatt.com, moffattthomas@hotmail.com, naj@moffatt.com

Michael D Gaffney    gaffney@beardstclair.com, javondet@beardstclair.com, jeff@beardstclair.com, jessica@beardstclair.com

Stephen R Thomas    srt@moffatt.com, cld@moffatt.com, czs@moffatt.com, ecf@moffatt.com, moffattthomas@hotmail.com, sec@moffatt.com, tmh@moffatt.com

### 4:12-cv-00373-CWD Notice will be served by other means to:

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1089316566 [Date=7/23/2012] [FileNumber=1098015-0
] [4efdfd3a024ac5612ff98ca17e2dbeb15f99e2fe078e8c66e8006b7ce698a7e9d12
ffe7f1302f39ee567e80be1df262a62a4d298413b439bfd748e47be88e680]]