Stephen R. Thomas, ISB No. 2326
Lee Radford, ISB No. 5719
MOFFATT, THOMAS, BARRETT, ROCK &
 FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho 83701
Telephone (208) 345-2000
Facsimile (208) 385-5384
srt@moffatt.com
klr@moffatt.com
23748.0001

Steven J. Yatvin (*Pro Hac Vice*)
Owen H. Smith (*Pro Hac Vice*)
BARACK FERRAZZANO KIRSCHBAUM &
 NAGELBERG LLP
200 W. Madison St., Suite 3900
Chicago, Illinois 60606
Telephone (312) 984-3100
Facsimile (312) 984-3150
steve.yatvin@bfkn.com
owen.smith@bfkn.com

Attorneys for Defendants Volkswagen of
America, Inc. and Audi of America, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| B.A. WACKERLI, CO., a corporation,<br><br>                Plaintiff,<br><br>vs.<br><br>VOLKSWAGEN OF AMERICA, INC., a corporation, & AUDI OF AMERICA, INC., a corporation,<br><br>                Defendants. | Case No. 4:12-cv-00373-BLW<br><br>**VOLKSWAGEN OF AMERICA, INC. AND AUDI OF AMERICA, INC.'S RESPONSE TO B.A. WACKERLI'S MEMORANDUM RE: TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND JUDICIAL STAY** |

# TABLE OF CONTENTS

|     |     |     |     | Page |
| --- | --- | --- | --- | --- |
| I.  | PRELIMINARY STATEMENT | | | 1 |
| II. | ARGUMENT | | | 1 |
|     | A.  | The Court Has Jurisdiction Over This Entire Case. | | 1 |
|     |     | 1. | ITD has no interest in this case. | 1 |
|     |     | 2. | There is no basis for abstention. | 1 |
|     |     |    | a. The narrow circumstances that justify abstention do not exist here. | 1 |
|     |     |    | b. Abstention would impede judicial economy and create the risk of inconsistent results. | 3 |
|     | B.  | Wackerli Cannot Establish a Right to a Stay. | | 3 |
|     |     | 1. | The preliminary injunction standard applies to Wackerli's request for a stay. | 3 |
|     |     | 2. | Wackerli cannot establish the elements for a preliminary injunction. | 4 |
| III.| CONCLUSION | | | 6 |

# TABLE OF CASES AND AUTHORITIES

**Cases**

*BNSF Railway Co. v. Feit*,
2011 U.S. Dist. LEXIS 44130 (D. Mont. Apr. 25, 2011) ...................................................... 2

*BNSF Ry. Co. v. O'Dea*,
572 F.3d 785 (9th Cir. 2009) ................................................................................................ 1

*Burford v. Sun Oil Co.*,
319 U.S. 315 (1943) .............................................................................................................. 2

*City of Tuscon v. U.S. West Commc'ns, Inc.*,
284 F.3d 1128 (9th Cir. 2002) .............................................................................................. 2

*Colorado River Water Conserv. Dist. v. U.S.*,
424 U.S. 800 (1976) .............................................................................................................. 1

*Duncan v. State Bd. of Accountancy*,
149 Idaho 1 (Idaho 2010) ..................................................................................................... 4

*Gowan Co., LLC v. Aceto Agric. Chems.*,
2009 U.S. Dist. LEXIS 63633 (D. Ariz. July 10, 2009) ...................................................... 5

*J.R. Simplot Co., Inc. v. Idaho State Tax Comm'n*,
120 Idaho 849 (Idaho 1991) .............................................................................................. 3, 4

*Public Emp't Relations Bd. v. Stohr*,
279 N.W.2d 286 (Iowa 1979) ............................................................................................... 4

*Quackenbush v. Allstate Ins.*,
517 U.S. 706 (1996) .............................................................................................................. 1

*Reinhardt v. Mont. Human Rights Bureau*,
2010 U.S. Dist. LEXIS 133668 (D. Mont. Dec. 17, 2010) ............................................... 1, 2

*Robinson v. State Farm Mut. Auto. Ins. Co.*,
137 Idaho 173 (Idaho 2002) ................................................................................................. 4

**Statutes**

IDAHO CODE § 67-5272 ............................................................................................................ 2

IDAHO CODE § 67-5274 ......................................................................................................... 3, 4

## I. PRELIMINARY STATEMENT

ITD found that Wackerli's facility commitment to VWoA and AoA is a material and reasonable term of its franchise agreements. Based on these findings, ITD concluded that VWoA and AoA have good cause to terminate Wackerli's Dealer Agreements. These are the key findings and conclusions of ITD. Wackerli does not challenge them.

## II. ARGUMENT

### A. The Court Has Jurisdiction Over This Entire Case.

#### 1. ITD has no interest in this case.

Wackerli argues that ITD has an interest in this case because it is its order that would be overturned. That theory makes no sense and has already been rejected. *See Reinhardt v. Mont. Human Rights Bureau*, 2010 U.S. Dist. LEXIS 133668, at *7 (D. Mont. Dec. 17, 2010).

#### 2. There is no basis for abstention.

##### a. The narrow circumstances that justify abstention do not exist here.

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins.*, 517 U.S. 706, 716 (1996). Thus, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *See Colorado River Water Conserv. Dist. v. U.S.*, 424 U.S. 800, 813-14 (1976). While the Ninth Circuit suggested in *BNSF Ry. Co. v. O'Dea*, 572 F.3d 785 (9th Cir. 2009), that "an abstention principle . . . might be applied," it did not identify any applicable doctrines, and none apply in this case.

Wackerli implicitly relies on *Burford* abstention. (*See* Pl.'s Op. Br. at 6-7 (discussing *Quackenbush v. Allstate Ins.*, *supra*)). *Burford* abstention represents an

"extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it." *City of Tuscon v. U.S. West Commc'ns, Inc.*, 284 F.3d 1128, 1133 (9th Cir. 2002). Accordingly, a federal district court may not apply the *Burford* abstention doctrine unless: (i) the state chose to concentrate suits challenging the actions of the agency involved in a particular court; (ii) federal issues cannot be separated easily from complex state law issues with respect to which state courts might have special competence; and (iii) federal review might disrupt state efforts to establish a coherent policy. *Id.*

These elements cannot be met here. Idaho has not chosen to concentrate suits challenging final actions of ITD in a particular court, nor has it concentrated all administrative appeals in a particular court. *See* IDAHO CODE § 67-5272. Moreover, there is no intertwining of federal and state issues, nor will federal review disrupt state efforts to establish a coherent policy. The Court will be reviewing the ITD Final Orders under the same deferential standards a state court would, not getting involved in setting policy. This case is therefore a far cry from *Burford* itself, where "the Texas courts [we]re working partners with the [Texas] Railroad Commission in the business of creating a regulatory system for the oil industry," and had "fully as much power as the Commission to determine particular cases." *Burford v. Sun Oil Co.*, 319 U.S. 315, 326 (1943). Moreover, at least one other federal district court in the Ninth Circuit has addressed *Burford* abstention in circumstances similar to those present here and has rejected it. *BNSF Railway Co. v. Feit*, 2011 U.S. Dist. LEXIS 44130, at *4-11 (D. Mont. Apr. 25, 2011); *Reinhardt*, 2010 U.S. Dist. LEXIS 133668, at *9-11.

### b. Abstention would impede judicial economy and create the risk of inconsistent results.

Wackerli's breach of contract claim and its petition for judicial review arise from the same facts. The breach of contract claim alleges that VWoA and AoA purportedly "breached their obligation under the Settlement Agreement by not providing proper inventory to Wackerli to make the construction of a dual franchise facility economically viable." (Am. Complt. ¶ 31). Wackerli itself alleges that "[t]his issue was being reviewed by the ITD director." (*Id.*) This same issue forms the basis of Wackerli's petition for judicial review of the Final Order. (*See* Pl.'s Op. Br. at 9). Because both of Wackerli's claims involve a single issue, both claims should be decided together in the same proceeding.

### B. Wackerli Cannot Establish a Right to a Stay.

#### 1. The preliminary injunction standard applies to Wackerli's request for a stay.

Wackerli suggests that if the Court finds "appropriate terms," then it may issue a stay pursuant to Idaho Code Section 67-5274. (Pl.'s Op. Br. at 10). Wackerli does not suggest what appropriate terms might be in this case. Nor does Wackerli explain how the "appropriate terms" language guides the Court in determining whether to issue a stay in the first place.

The Idaho Supreme Court, on issues of administrative law, has looked to other states and to the federal system for guidance. *See J.R. Simplot Co., Inc. v. Idaho State Tax Comm'n*, 120 Idaho 849, 855-62 (Idaho 1991) (considering federal and sister state precedent in determining the level of deference Idaho courts should grant to an administrative agency's construction of a statute). There is no reason why it would not do the same here. (*See* Def.'s Op. Br. at 12-13). Indeed, this is precisely what the Iowa Supreme Court did with a statute that

closely resembled Idaho Code Section 67-5274. *See Public Emp't Relations Bd. v. Stohr*, 279 N.W.2d 286, 290-91 (Iowa 1979) (applying preliminary injunction standard to a statute providing that a "reviewing court may, in appropriate cases, order . . . a stay pending the outcome of judicial review").

### 2. Wackerli cannot establish the elements for a preliminary injunction.

Wackerli asserts that ITD misinterpreted two sections of its governing statute. (*See* Pl.'s Op. Br. at 9-10, 12). Wackerli does not address how it is likely to succeed on the merits or how there is a serious question in view of: (i) the plain language of these statutes; and (ii) the deference afforded agency statutory interpretations. *See, e.g., Duncan v. State Bd. of Accountancy*, 149 Idaho 1, 3 (Idaho 2010). Nor has Wackerli in any way grappled with the Idaho Supreme Court's framework for determining the correct level of deference. *See J.R. Simplot Co., Inc. v. Idaho State Tax Comm'n*, 120 Idaho 849, 861-62 (Idaho 1991). Here, ITD correctly interpreted its statutes based on their plain language and, in view of the deference afforded agency interpretation, it is not enough for Wackerli to just say that ITD got it wrong.

Wackerli also does not explain how ITD could have excused it from performing its facility commitment given that Wackerli has not tendered back the consideration it received in the Settlement Agreement. The tender requirement is a bedrock principle of Idaho law governing contract rescission. *See Robinson v. State Farm Mut. Auto. Ins. Co.*, 137 Idaho 173, 180-81 (Idaho 2002). Wackerli does not explain how this requirement can be met here given that the consideration included VWoA and AoA waiving their challenge to Wackerli assuming its Dealer Agreements in the bankruptcy proceeding, which is now closed. Nor has Wackerli

explained whether it is possible to tender back VWoA and AoA's consent to relocation by moving Volkswagen and Audi back to the Subaru facility.

Wackerli fares no better on the other elements of the preliminary injunction standard. With respect to irreparable harm, Wackerli concedes that termination will end its Audi/VW business only, not its entire operations. (Pl.'s Op. Br. at 11). Moreover, Wackerli's contention that it stands to "lose substantial revenue, business opportunities, and good will" is precisely the type of conclusory allegation that courts routinely deem insufficient to establish irreparable harm. *See, e.g.*, *Gowan Co., LLC v. Aceto Agric. Chems.*, 2009 U.S. Dist. LEXIS 63633, at *16 (D. Ariz. July 10, 2009).

With respect to the balance of the equities, VWoA and AoA vehemently disagree that they "will not suffer any prejudice if a stay is entered." (Pl.'s Op. Br. at 10, 11-12). Part of VWoA and AoA's benefit of the bargain was a new facility by March 31, 2012. That did not happen. Moreover, VWoA and AoA have the right to terminate a dealer that has breached its commitments to VWoA and AoA. Those termination rights will be further dissipated the longer VWoA and AoA are forced to stay in business with Wackerli.

Finally, with respect to the public interest, Wackerli contends that termination would deprive southeastern Idaho residents who own Volkswagen and Audi vehicles of a needed service and parts facility. While there may be inconvenience, VWoA and AoA intend to make reasonable efforts to alleviate the inconvenience for their customers. Moreover, VWoA and AoA note that termination will only end Wackerli's right to perform warranty service; customers who need non-warranty service may go to any service shop, including Wackerli.

## III. CONCLUSION

For the reasons stated in this Memorandum and VWoA and AoA's Memorandum in Opposition to B.A. Wackerli's Motion for a Stay Pending Judicial Review, Wackerli's request for a stay should be denied.

DATED this 1st day of August, 2012.

           MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHARTERED

           By _____
           Stephen R. Thomas – Of the Firm
           Attorneys for Defendants Volkswagen of America, Inc. and Audi of America, Inc.

**VOLKSWAGEN OF AMERICA, INC. AND AUDI OF AMERICA, INC.'S RESPONSE TO B.A. WACKERLI'S MEMORANDUM RE: TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND JUDICIAL STAY - 6**

Client:2508905.1

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of August, 2012, I filed the foregoing **VOLKSWAGEN OF AMERICA, INC. AND AUDI OF AMERICA, INC.'S RESPONSE TO B.A. WACKERLI'S MEMORANDUM RE: TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND JUDICIAL STAY** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Michael D. Gaffney**
gaffney@beardstclair.com
*Attorneys for Plaintiff B.A. Wackerli, Co.*

**Steven J. Yatvin**
steve.yatvin@bfkn.com
*Attorneys for Defendants Volkswagen of America, Inc. and Audi of America, Inc.*

**Owen H. Smith**
owen.smith@bfkn.com
*Attorneys for Defendants Volkswagen of America, Inc. and Audi of America, Inc.*

_____
Stephen R. Thomas

**VOLKSWAGEN OF AMERICA, INC. AND AUDI OF AMERICA, INC.'S RESPONSE TO B.A. WACKERLI'S MEMORANDUM RE: TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND JUDICIAL STAY - 7**

Client:2508905.1