Michael D. Gaffney, ISB No. 3558
John M. Avondet, ISB No. 7438
BEARD ST. CLAIR GAFFNEY PA
2105 Coronado Street
Idaho Falls, Idaho 83404-7495
Telephone: (208) 523-5171
Facsimile: (208) 529-9732
Email: gaffney@beardstclair.com
       javondet@beardstclair.com

Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| B.A. WACKERLI, CO., a corporation,<br><br>Plaintiff,<br><br>vs.<br><br><br>VOLKSWAGEN OF AMERICA, INC., a corporation, & AUDI OF AMERICA, INC., a corporation. | Case No.: CV-4:12-cv-373<br><br>MEMORANDUM RE GOOD FAITH AND THE APPLICABLE BURDEN OF PROOF |

B.A. Wackerli, Co. (Wackerli), through its attorneys of record, respectfully submits the following memorandum regarding the issue of good faith and the applicable burden of proof pursuant to the Court's request.

## INTRODUCTION

The question before the Court is whether the hearing officer of the Idaho Transportation Department (ITD) improperly shifted the burden of proof on the issue of

whether dealer franchise agreements with Wackerli can be terminated by Audi of America, Inc. (AoA) and Volkswagen of America, Inc. (VWoA) by requiring Wackerli to carry the burden of proof on the question of whether there is a good faith basis for termination. Based upon the plain language of the applicable law, Chapter 16, Title 49 of the Idaho Code, the answer is yes.

Idaho Law clearly indicates that AoA and VWoA may not terminate the existing franchises in the absence of either good cause or good faith. Both good cause and good faith must exist for a termination to be sustained. Notwithstanding the clear statutory requirement that both good cause and good faith exist before the ITD may sustain a termination, coupled with Idaho Code's clear expression that the burden of proof to show good cause rests with the manufacturer, the hearing officer addressing Wackerli's termination protest incorrectly held, "The burden to prove lack of good faith is on [Wackerli]." (COL 13, Findings of Fact, Conclusions of Law, and Preliminary Order). The burden of establishing the appropriateness of termination of the franchise agreements, including the burden of establishing good faith, rests squarely on AoA and VWoA. Because AoA and VWoA cannot demonstrate that they were acting in good faith in terminating the franchise agreements with Wackerli, the Court should continue the TRO as a preliminary injunction and stay the administrative order, and thus the termination of the franchise agreements, pending judicial review.

## ARGUMENT

**I.  The Court should stay the administrative order and/or enjoin the termination of the franchises in order to address the issue of good faith.**

The Court should stay the administrative order pending judicial review because the misapplication of the burden of proof demands a reversal of the administrative order,

Memorandum re Good Faith and the Applicable Burden of Proof   2

the burden of proof was on AoA and VWoA, and the AoA and VWoA's are not acting in good faith.

### A. Failure to correctly attribute the burden of proof is grounds for reversal.

The administrative order of the IDT should be reversed because IDT's hearing officer misapplied the burden of proof. When an administrative hearing officer, as in the present case, misapplies the burden of proof, the correct course is to reverse the decision for purpose of a determination on the merits with a correct application of that burden. *Tappen v. Department of Health and Welfare*, 98 Idaho 576, 570 P.2d 28 (1977).

*Tappen* is instructive on this issue. The case involved the appeal from an administrative decision regarding Aid to Dependent Children benefits by the Idaho Department of Health and Welfare (the Department. The claimant, Tappen, had been receiving benefits for his minor children when the Department of Employment helped him secure part-time employment paying $100.00 per month. *Tappen*, 98 Idaho at 577, 570 P.2d at 29. At that point the eligibility examiner for the Department terminated benefits for the minor children on the grounds that Tappen was no longer considered totally disabled. *Id.* On appeal, the hearing officer concluded that the eligibility examiner's conclusion was in error, but upheld the decision on the alternative grounds that Tappen had failed to sustain his burden of proof on the issue of causation. *Id.* at 578, 30. On appeal to the district court, the court reversed the decision and ruled that the claimant was entited to benefits for the children. *Id.* The Department appealed to the Idaho Supreme Court. *Id.* The Supreme Court reversed and remanded the matter to the administrative hearing officer for resolution of disputed factual issues based upon the correct burden of proof. The Court noted, "[T]he claimant had been receiving benefits

and was administratively contesting the termination of Aid to Dependent Children and hence, . . . in such situation the Department carriest the burden of production of evidence and persuasion." *Id.*, citing *5 U.S.C. § 556(d) (1970)*; McCormick on Evidence 853-54 (2d ed. E. Cleary 1972). The administrative hearing officer had affirmed the termination after placing the burden of proof on the wrong party. As a result, it was necessary to remand the case for further administrative proceedings to allow the correct finder of fact, the hearing officer, to determine whether the Department had met its burden.

The present case is not distinguishable. As in *Tappen*, the hearing officer her misapplied the burden of proof asserting, without any supporting authority, that the burden to prove lack of good faith was on Wackerli. That conclusion was in error. The only possible distinguishing characteristics between *Tappen* and the present case is that *Tappen* involved factually unresolved issues that needed to be addressed by the finder of fact. Here, however, irrespective of the burden the conclusion that AoA and VWoA were acting in good faith was clearly erroneous and the Court should simply reverse the decision of the hearing officer without the need for additional evidentiary hearings.

**B.     The burden of proof was on AoA and VWoA.**

As the proponents of the termination of the franchise agreements, AoA and VWoA had the burden of proof on the issues required for sustaining those terminations. As a general rule, the proponent of a motion, certification or order has the burden of proof and while not binding, the federal statutes regarding administrative procedures is helpful and instructive.[1] Section 556 of Title 5 of the United States Code, addressing the conduct of hearings before administrative agencies, including specifically the burden of

---

[1] Unfortunately, the applicable state regulations regarding administrative procedures are silent on the burden of proof issue.

proof, provides, "Except as otherwise provided by statute, the proponent of a rule or order has the burden of proof." 5 U.S.C. § 556(d). This statutory rule is consistent with the generally accepted principal of law and should be applicable in the present case.

Where, as here, a party seeks to alter the status quo, that party should bear the burden of establishing the basis for the change. This is not inconsistent with the Idaho Supreme Court's holding in *Tappan, supra*. When the Department of Health and Welfare wanted to terminate benefits, it bore the burden of establishing a basis for doing so. Similarly, here, AoA and VWoA want to change the status quo by terminating Wackerli's franchise. The hearing officer acknowledged, and the statute clearly provides, that termination requires a finding of both good cause and good faith, not one or the other. That statute states, "The manufacturer shall not terminate . . . if the department has determined that there is not good cause for permitting the termination . . . or that the manufacturer is not acting in good faith." Idaho Code § 49-1617(1). If either good faith or good cause is missing, a manufacturer cannot terminate. Of necessity then, the burden of showing good cause and good faith rests on the proponent of termination, namely AoA and VWoA. Nothing in the statute supports a contrary conclusion.

That the burden of showing good cause rests with AoA and VWoA is not subject to dispute. The statute provides, "The manufacturer shall have the burden of proof under this section concerning the issue of good cause, which shall include, but not be limited to, termination . . . of any franchise by the manufacturer for . . . failure of by a dealer to comply with a provision of the franchise, **where the provision is both reasonable and of material significance to the franchise relationship.**" Idaho Code § 49-1614(6) (emphasis added). The emphasized language in the statute is an implicit, if not explicit,

recognition that the burden of showing both good cause and good faith rests with AoA and VWoA. The term "good cause" is a defined term within the statute, but "good faith" is not. "'Good cause' means the failure of a dealer to comply with reasonable performance criteria established by a manufacturer, if the dealer was apprised by the manufacturer, in writing, of that failure[.]" Nothing in this definition contemplates a showing that performance criteria be "reasonable and of material significance," but instead such language is consistent with a showing of good faith in addition to good cause.

Both applicable provisions of the Dealers and Salesman Licensing Statute support the conclusion that AoA and VWoA had the burden of showing that it was acting in good faith. Section 49-1617(1) specifically calls for the hearing officer to address both good cause and good faith, and the proponent of termination, namely AoA and VWoA "shall not terminate" in the absence of either. Section 49-1614(6) demands not only that termination must be based upon good cause, as that term is defined in the statute, but that the good cause be rooted in a contract provision that is both reasonable and material. A manufacturer relying upon contractual provisions that are unreasonable and immaterial, as AoA and VWoA are here, cannot demonstrate that it is acting in good faith.

In shifting the burden, the hearing officer was effectively treating good faith as a form of affirmative defense. This shift is inconsistent with the requirement that good faith exist before a termination can go forward. An Idaho case, *University of Utah Hosp. v. Elmore County*, 115 Idaho 132; 765 P.2d 157 (Ct. App. 1988), is instructive. The case involved a dispute over whether Elmore County was liable for the health care expenses of an indigent Idaho patient because the county had failed to notify the hospital of its denial

of a medical indigency application. *Elmore County*, 115 Idaho at 132, 765 P.2d at 157. The hospital argued that the trial court improperly placed the burden on the hospital to show that a notice of denial was not received. *Id.* at 134, 159. The hospital contended that claiming notice had been sent was an affirmative defense alleged by the county. *Id.* The Court rejected this notion holding:

> Although designated in its answer as an affirmative defense, Elmore County's allegation that a timely notice had been sent was not in reality a new issue on which the county was the proponent. Rather, it was a statement simply controverting the hospital's claim that a notice had not been sent. Thus, although the county's statement may have been pleaded in the form of an "affirmative defense," its true function was to deny an allegation contained in the hospital's complaint.

*Id. The Court continued stating, "We hold that the district court did not err in placing the burden of proof on the hospital as the true proponent of the issue." Id.*

As in *Elmore County*, AoA and VWoA are the true proponents of the issue of good faith. AoA and VWoA are the parties seeking termination of the franchise agreement and that termination cannot be had in the absence of good faith. As the true proponents of the issue, AoA and VWoA must bear the burden of establishing its existence.

### C. AoA and VWoA were not acting in good faith and cannot meet their burden.

AoA and VWoA in seeking to establish good faith in order to obtain relief under a specific statute cannot meet their burden when they cannot even demonstrate compliance with the applicable provisions of the Idaho Code. Section 49-1613(2) is very clear with respect to AoA and VWoA's requirements. It provides, "It shall be unlawful for any manufacturer licensed under this chapter to require . . . any new vehicle dealer in this state to: . . . expand facilities without a written guarantee of a sufficient supply of new

vehicles so as to justify an expansion, in light of the market and economic conditions[,]" or "construct a new vehicle dealership facility without providing a written guarantee of a sufficient supply of new vehicles so as to justify modification or construction, in light of the market and economic conditions."

Having failed in all respects to comply with the express requirements of a statute directly applicable to the issues before the Court, AoA and VWoA cannot claim to have acted in good faith.

## CONCLUSION

For the foregoing reasons, Wackerli respectfully requests an order of this Court continuing the TRO by issuance of a preliminary injuction and/or staying the administrative order of the ITD pending judicial review.

DATED: August 6, 2012

_____
Michael D. Gaffney
John M. Avondet
Of Beard St. Clair Gaffney PA
Attorneys for the Plaintiff

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 6th day of August, 2012, I caused to be served true and correct copies of the foregoing document to the following parties:

U.S. District Court
District of Idaho
801 E. Sherman
Pocatello, ID 83201

**Via:**
( ) CM/ECF

Stephen R. Thomas
Lee Radford
Moffatt Thomas Barrett Rock & Fields
PO Box 829
Boise, ID 83701
Fax: (208) 385-5384

**Via:**
( ) CM/ECF

Owen H. Smith
Steve Yatvin
Barack Ferrazzano Kirschbaum & Nagelberg
200 West Madison Street, Suite 3900
Chicago, IL 60606
owen.smith@bfkn.com
steve.yatvin@bfkn.com
Fax: (312) 984-3150

**Via:**
( ) CM/ECF
( ) Email

Michael D. Gaffney
Of Beard St. Clair Gaffney PA
Attorneys for Plaintiff