Stephen R. Thomas, ISB No. 2326
Lee Radford, ISB No. 5719
MOFFATT, THOMAS, BARRETT, ROCK &
    FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho 83701
Telephone (208) 345-2000
Facsimile (208) 385-5384
srt@moffatt.com
klr@moffatt.com
23748.0001

Steven J. Yatvin (*Pro Hac Vice*)
Owen H. Smith (*Pro Hac Vice*)
BARACK FERRAZZANO KIRSCHBAUM &
    NAGELBERG LLP
200 W. Madison St., Suite 3900
Chicago, Illinois 60606
Telephone (312) 984-3100
Facsimile (312) 984-3150
steve.yatvin@bfkn.com
owen.smith@bfkn.com

Attorneys for Defendants Volkswagen of
America, Inc. and Audi of America, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| B.A. WACKERLI, CO., a corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>VOLKSWAGEN OF AMERICA, INC., a corporation, & AUDI OF AMERICA, INC., a corporation,<br><br>    Defendants. | Case No. 4:12-cv-00373-BLW<br><br>**VOLKSWAGEN OF AMERICA, INC. AND AUDI OF AMERICA, INC.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO WACKERLI'S MOTION FOR STAY PENDING JUDICIAL REVIEW** |

**VOLKSWAGEN OF AMERICA, INC. AND AUDI OF AMERICA, INC.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO WACKERLI'S MOTION FOR STAY PENDING JUDICIAL REVIEW - 1**

Client:2512205.1

## I. INTRODUCTION

The answers to the questions that the Court asked the parties to brief are:

- ITD correctly placed the burden concerning the issues of good faith and impracticability on Wackerli;

- The Court should give deference to ITD's statutory construction;

- The federal injunction standard is procedural, and therefore that standard, rather than the Idaho standard, applies;

- The Idaho injunction standard is functionally the same as the federal standard in any event; and

- Wackerli has failed to meet its burden to establish that it is likely to succeed on the merits or that it will suffer irreparable harm, its evidence being entirely speculative.

## II. ARGUMENT

### A. ITD Correctly Assigned the Burden Concerning the Issue of Good Faith.

Wackerli does not expressly argue that ITD erred when it assigned Wackerli the burden to prove that VWoA and AoA failed to act in good faith. Rather, Wackerli argues that ITD erred by assigning Wackerli the burden to prove that building a new facility was impracticable. (Wackerli Mem., Docket No. 13, at 9-10). Wackerli's precise argument is beside the point – ITD correctly interpreted Idaho Code §49-1614(6) when it placed the burden on all issues other than good cause on Wackerli.

#### 1. ITD construed Idaho Code §49-1614(6) according to its plain language.

The starting point is Idaho Code §49-1617(1), which sets the principal issues for an ITD protest hearing:

> The manufacturer shall not terminate. . . until the department has held a hearing, nor subsequently, if the department has determined that there is not good cause for permitting the termination. . . or that the manufacturer is not acting in good faith.

**VOLKSWAGEN OF AMERICA, INC. AND AUDI OF AMERICA, INC.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO WACKERLI'S MOTION FOR STAY PENDING JUDICIAL REVIEW - 2**

Client:2512205.1

Pursuant to §49-1617(1), when a protest is filed, ITD has two issues to decide: 1) whether there is good cause to permit termination of a dealer agreement; and 2) whether the manufacturer is not acting in good faith.

Idaho Code §49-1614(6) expressly assigns the burden of proof "concerning the issue of good cause" on the manufacturer:

> (6) The manufacturer shall have the burden of proof under this section concerning the issue of good cause, which shall include, but not be limited to, termination, nonrenewal or cancellation of any franchise agreement by the manufacturer for insolvency, license revocation, conviction of a felony, fraud by a dealer or failure by a dealer to comply with a provision of the franchise agreement, where the provision is both reasonable and of material significance to the franchise agreement relationship.

The words "concerning the issue of good cause" show that the Idaho Legislature recognized that a protest hearing would involve issues other than good cause. Because the Legislature recognized that other issues would be involved in a protest hearing, the principle of *expressio unis est exclusio alterius* has particular force. *See* VWoA/AoA Opp. Mem., Docket No. 14, at 15-16. Indeed, had the Legislature intended to put the burden of proving all issues on the manufacturer, then it would have said "concerning all issues" rather than "concerning the issue of good cause."

Moreover, it would have been unnecessary for the Legislature to provide specific examples of good cause issues that manufacturers have the burden to prove if, as Wackerli suggests, manufacturers had the burden to prove all issues. By providing specific examples of the issues that manufacturers have the burden to prove, coupled with the nature of those examples (they all involve reasons that a manufacturer would have good cause to terminate), the Legislature demonstrated its intent to assign the burden "concerning the issue of good cause" on the manufacturer and the burden concerning all other issues on the dealer.

**VOLKSWAGEN OF AMERICA, INC. AND AUDI OF AMERICA, INC.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO WACKERLI'S MOTION FOR STAY PENDING JUDICIAL REVIEW - 3**

Client:2512205.1

### 2. ITD's construction is in accord with the common law.

ITD's construction of §49-1614(6) is supported by two bedrock principles of common law. First, "A fundamental proposition of law is that wrong-doing is never presumed, but must be established by proof." *See Koch v. Elkins*, 71 Idaho 50, 56 (Idaho 1950). If VWoA and AoA had the burden to prove that they acted in good faith, then the presumption would be that they acted in bad faith. This presumption of wrongdoing is contrary to the most basic notions of justice and is diametrically opposed to Idaho law.

Second, "The rule that the party who is seeking affirmative relief has the burden of proof is one that necessarily underlies all our procedure." *Noble v. Ada County Elections Board*, 135 Idaho 495, 501 (Idaho 2000), *quoting Jaycox v. Varnum,* 39 Idaho 78, 92 (Idaho 1924); *see also Basin Land Irrigation Co. v. Hat Butte Canal Co.*, 114 Idaho 121, 12 (Idaho 1988) ("One of the fundamental rules of procedure is that the party seeking affirmative relief has the burden of proof"). Here it is Wackerli, who filed the protest actions, who is seeking affirmative relief. It is therefore Wackerli who is presumed to have the burden of proof. The Idaho Legislature abrogated this common law presumption "concerning the issue of good cause," but it did not do so concerning the issues of good faith or impracticability.

Had the Idaho Legislature intended to abrogate the common law presumption that Wackerli has the burden of proof concerning the issue of good faith or the common law rule that wrongdoing is never presumed, it would have had to do so by express statutory language. *See School Dist. No. 351 Oneida County v. Oneida County Ed. Assoc.*, 98 Idaho 486, 489 (Idaho 1977) ("The common law is in effect in Idaho unless otherwise expressly abrogated by statute"); *see also Pioneer Irrigation Dist. v. City of Caldwell*, 2012 Ida. LEXIS 110, at *25 (Idaho 2012). If anything, the Idaho Legislature, given the structure and language of §49-1614(6), expressly

**VOLKSWAGEN OF AMERICA, INC. AND AUDI OF AMERICA, INC.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO WACKERLI'S MOTION FOR STAY PENDING JUDICIAL REVIEW - 4**

Client:2512205.1

preserved these principles. These common law principles must accordingly be given effect, which is what ITD did when it assigned the burden concerning good faith and impracticability on Wackerli.

      **B.**     **The Court Should Defer to ITD's Interpretation.**

In *J.R. Simplot Co., Inc. v. Idaho State Tax Comm'n*, 120 Idaho 849 (Idaho 1991), the Idaho Supreme Court held "that the rule of deference to agency statutory constructions retains continuing validity. We hold that a standard of 'free review' is not applicable to agency determinations." *Id.* at 862. The court adopted a four prong framework to determine the correct level of deference to give to agency statutory construction: 1) whether "the agency has been entrusted with the responsibility to administer the statute at issue"; 2) whether "the agency's statutory construction [is] reasonable"; 3) whether "the statutory language at issue []expressly treat[s] the precise question at issue"; and 4) "whether any of the rationales underlying the rule of deference are present." *Id.*

Here, ITD has been entrusted to administer the Idaho motor vehicle statute, in particular issues related to dealer protests of various manufacturer actions, including termination. Moreover, ITD's construction of Idaho Code §1614(6) was reasonable for the reasons discussed in Section A. As to the third prong, the statutory language expressly treats the precise question here; the "concerning the issue of" language, by itself and as underscored by the Legislature's identification of specific good cause issues, expressly places the burden on all issues other than good cause on dealers.

The fourth prong is whether any of the rationales for deference apply; the only one that applies here is "the rationale requiring that a practical interpretation of the statute exists." *J.R. Simplot*, 129 Idaho at 862.

Assigning the burden to prove a failure by the manufacturer to act in good faith to the dealer is practical because the manufacturer would not be in a position to know with certainty before the protest proceeding what bad faith acts it is accused of and, therefore, not in a position to meet the burden. Nor would a manufacturer know that a dealer was asserting some common law excuse doctrine such as impracticability. By contrast, the manufacturer, when it decides to terminate a dealer, knows why it is doing so and is therefore able to meet the burden concerning the issue of good cause.

Because not all of the rationales for deference are present, the Court needs to determine if there are "'cogent reasons' for departing from the agency's statutory construction." *Id.* at 862. "If one or more of the rationales underlying the rule are present, and no 'cogent reason' exists for denying the agency some deference, the court should afford 'considerable weight' to the agency's statutory interpretation." *Id.* Moreover, the Idaho Supreme Court has underscored the importance of deference to agency statutory interpretation by holding that "we disapprove of the practice of merely concluding that cogent reasons for departing from the agency interpretation exist without any further explanation." *Id.*

There are no cogent reasons for departing from ITD's construction. Basic common law principles and statutory construction principles support ITD's construction of Idaho Code §1614(6) and it is the practical approach. The Court should accordingly give considerable weight to ITD's interpretation.

C.  **The Applicable Injunction Standard.**

1.  **The Court should apply FRCP 65 because it is procedural.**

A federal court sitting in diversity applies federal procedure and state substantive law to state law claims. *See Hanna v. Plumer*, 380 U.S. 460, 471 (1965). Rule 65 of the Federal

**VOLKSWAGEN OF AMERICA, INC. AND AUDI OF AMERICA, INC.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO WACKERLI'S MOTION FOR STAY PENDING JUDICIAL REVIEW - 6**

Client:2512205.1

Rules of Civil Procedure is a procedural rule because it "merely sets out the procedural requirements for injunctions and restraining orders." *Sims Snowboards, Inc. v. Kelly*, 863 F.2d 643, 646 (9th Cir. 1988). FRCP 65 accordingly applies to this case. *See Travelers Cas. & Sur. Co. of Am. v. W.P. Rowland Constr. Corp.*, 2012 U.S. Dist. LEXIS 68147, at *5-6 (D. Ariz. May 15, 2012).

Because FRCP 65 is procedural in nature, the Court should not follow the decision in *Now Disc, Inc. v. Munn*, 2010 U.S. Dist. LEXIS 123676, at *5-6 (D. Idaho Nov. 19, 2010). In that case, the court, relying on *Sims Snowboards*, found that injunctive relief is substantive and that Idaho Rule 65(e) applied. *Sims Snowboards*, however, did not hold that a state's general injunction standard was substantive, but rather held that California's anti-injunction statute, which barred an injunction prohibiting the breach of a personal services contract, was substantive. *Sims Snowboards*, 863 F.2d at 646-47. The *Travelers* court distinguished *Sims Snowboards* on that basis, found FRCP 65 to be procedural "at heart," and proceeded to apply FRCP 65 rather than the Arizona injunction standard. *Travelers*, 2012 U.S. Dist. LEXIS 68147, at *5-6.

### 2. Federal injunction standards and Idaho injunction standards are substantively identical.

The Idaho Supreme Court interprets IRCP 65(e) narrowly and consistently with FRCP 65. Pursuant to Idaho Supreme Court precedent, a preliminary injunction under IRCP 65(e) "is granted only in extreme cases where the right is very clear and it appears that irreparable injury will flow from its refusal." *Brady v. City of Homedale*, 130 Idaho 569, 572 (Idaho 1997); *see Harris v. Cassia Cnty.*, 106 Idaho 513, 517 (Idaho 1984) (same). Idaho courts interpret IRCP 65(e)(1) – which requires a showing that "the plaintiff is entitled to the relief demanded" – as equivalent to a showing of "substantial likelihood of success." *See Harris*, 106

**VOLKSWAGEN OF AMERICA, INC. AND AUDI OF AMERICA, INC.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO WACKERLI'S MOTION FOR STAY PENDING JUDICIAL REVIEW - 7**

Client:2512205.1

Idaho at 518. Moreover, the Idaho Supreme Court holds that "[t]he substantial likelihood of success necessary to demonstrate that appellants are entitled to the relief they demanded cannot exist where complex issues of law or fact exist which are not free from doubt." *Id.*

Similarly, Idaho courts interpret Rule 65(e)(2) – which requires a showing that "the commission or continuance of some act during the litigation would produce waste, or great or irreparable injury to the plaintiff" – as equivalent to a showing of "irreparable harm." *See, e.g.*, *Brady*, 130 Idaho at 572 ("A preliminary injunction is granted *only* in extreme cases where . . . it appears that irreparable injury will flow from its reversal"). (Emphasis added and internal quotation omitted). The concept of waste is a real property concept inapplicable to this case. *See Olson v. Bedke,* 97 Idaho 825, 831 (Idaho 1976).

Moreover, the Idaho Supreme Court has merged the term "great harm" into the concept of "irreparable harm" under IRCP 65(e)(2). VWoA and AoA are aware of no Idaho precedent awarding preliminary injunctive relief upon a finding of "great" but not "irreparable" harm. To the contrary, the Idaho Supreme Court has made clear that a preliminary injunction shall not issue absent irreparable harm. *See, e.g.*, *Brady*, 130 Idaho at 572. The merging of these concepts makes perfect sense: if "great harm" is a lower standard than "irreparable harm," as Wackerli's counsel suggested at the hearing, then the term "irreparable harm" would be rendered superfluous. Thus, under IRCP 65(e)(2), a party seeking preliminary injunctive relief must demonstrate irreparable harm.

The only other sub-section of IRCP 65(e) that could apply is 65(e)(3), which provides that a preliminary injunction may issue to prevent actions in violation of a party's protected rights if those actions tend to make a judgment that may be entered in the case ineffectual. It appears from the modern Idaho Supreme Court cases that if there is no irreparable

**VOLKSWAGEN OF AMERICA, INC. AND AUDI OF AMERICA, INC.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO WACKERLI'S MOTION FOR STAY PENDING JUDICIAL REVIEW - 8**

Client:2512205.1

harm, then this sub-section cannot be met. *See, e.g., Brady*, 130 Idaho at 572. This is consistent with the Idaho Supreme Court's decision in *Gilpin v. Sierra Nevada Consol. Mining Co.*, 2 Idaho 696, 703-04 (Idaho 1890), where the court rejected the defendant's argument that judgment would not be ineffectual because the defendant was insolvent and could not pay damages, and for that matter with *Now Disc*, in which the court found that judgment would be ineffectual if it did not enjoin violation of a non-compete because the plaintiff would "suffer irreparable harm in the loss of its market advantage and value of its proprietary information which cannot be restored." *Now Disc*, 2010 U.S. Dist. LEXIS 123676, at *14-15.

  D. **Wackerli's Request for a Stay Should Be Denied.**

    1. **Likelihood of success.**

ITD's conclusion that Idaho Code §49-1613(2)(j) does not apply here because VWoA and AoA did not "require" or "coerce" Wackerli to build a new facility is correct. Several cases have held that manufacturers do not "require" or "coerce" a dealer when they enforce an agreement entered into for valuable consideration. *See* VWoA/AoA Opp. Mem., Docket No. 14, at 16; *see also Christensen Mot. Sales, Inc. v. Am. Mot. Sales, Inc.*, 108 Idaho 102, 697 P.2d 442 (1985); *Rochester Ford Sales, Inc. v. Ford Mot. Co.*, 2001 U.S. Dist. LEXIS 10018, at *7, n.1 (D.N.H. Jun. 21, 2001); *Hyman v. Ford Mot. Co.*, 142 F. Supp. 2d 735, (D.S.C. Feb. 22, 2001).

ITD also correctly found that Wackerli had the burden of proof on impracticability and good faith. *See* Section A. Moreover, there are no cogent reasons for the Court to depart from ITD's construction of Idaho Code §49-1614(6), diminishing further Wackerli's likelihood of succeeding on the merits.

Moreover, at core, Wackerli is seeking to rescind the parties' Settlement Agreement. But Wackerli only wants to rescind its obligations, not the consideration it has already received from VWoA and AoA. That is not how rescission works. Wackerli, if it wishes to rescind the Settlement Agreement, must show that it can return the consideration it received to VWoA and AoA. As explained in VWoA and AoA's Response to Wackerli's Memorandum, Docket No. 18 at page 4-5, that is no longer possible because the bankruptcy proceeding has closed.

### 2. Irreparable harm.

Wackerli's irreparable harm evidence is entirely speculation. Wackerli offered nothing but speculation that the media will cover the termination of its Volkswagen and Audi Dealer Agreements, the effect of the media coverage, and the effect the termination of Volkswagen and Audi will have on Wackerli's other businesses. Speculation is insufficient to establish irreparable harm. *See* VWoA/AoA Opp. Mem., Docket No. 14, at 17-18.

Wackerli is accordingly left with evidence that it will suffer lost profits. Lost profits can be compensated by money, and several courts that have addressed the issue have found that terminating part of an ongoing business is insufficient to establish irreparable harm. *See* VWoA/AoA Opp. Mem., Docket No. 14, at 17-18.

Wackerli's evidence with respect to the losses it faces at its Volkswagen and Audi dealership is also speculative. While some loss is to be expected, Wackerli did not offer financial data for all of the brands it represents that demonstrates that Volkswagen and Audi account for approximately 40% of its business. Moreover, Wackerli's witnesses admitted that Wackerli may continue to sell used vehicles out of its Volkswagen and Audi facility, which is precisely what it did before displacing Volkswagen and Audi from the shared Subaru facility,

**VOLKSWAGEN OF AMERICA, INC. AND AUDI OF AMERICA, INC.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO WACKERLI'S MOTION FOR STAY PENDING JUDICIAL REVIEW - 10**

Client:2512205.1

and continue to perform non-warranty service work. Wackerli's June 2012 financial statements for Volkswagen and Audi show that Wackerli's warranty service sales were $39,483 (Volkswagen) and $28,040 (Audi) versus non-warranty sales of $55,993 (Volkswagen) and $61,973 (Audi). *See* Ex. 1, page 9 at lines 1 and 2; Ex. 2, page 8 at lines 1 and 2.

It is Wackerli's burden to present accurate financial data to support the relief it seeks, but its evidence is speculative at best. The Court should accordingly deny Wackerli's motion.

### 3. Balance of the equities and the public interest.

VWoA and AoA refer the Court to their Opp. Memorandum [Docket No. 14] at pages 19-20, which address the balance of equities and public interest factors. In addition, VWoA and AoA note Paul Wareing's testimony in which he admitted Wackerli needs a new facility. This testimony underscores the concerns that VWoA and AoA have with Wackerli's facility.

### III. CONCLUSION

For the reasons stated in this Supplemental Memorandum and the earlier memoranda filed by VWoA and AoA, and for the reasons stated in court on August 3, 2012, Wackerli's request for a stay pending judicial review should be denied.

DATED this 6th day of August, 2012.

MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHARTERED

By _____
Stephen R. Thomas – Of the Firm
Attorneys for Defendants Volkswagen of America, Inc. and Audi of America, Inc.

VOLKSWAGEN OF AMERICA, INC. AND AUDI OF AMERICA, INC.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO WACKERLI'S MOTION FOR STAY PENDING JUDICIAL REVIEW - 11

Client:2512205.1

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of August, 2012, I filed the foregoing **VOLKSWAGEN OF AMERICA, INC. AND AUDI OF AMERICA, INC.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO WACKERLI'S MOTION FOR STAY PENDING JUDICIAL REVIEW** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Michael D. Gaffney**
gaffney@beardstclair.com
*Attorneys for Plaintiff B.A. Wackerli, Co.*

**Steven J. Yatvin**
steve.yatvin@bfkn.com
*Attorneys for Defendants Volkswagen of America, Inc. and Audi of America, Inc.*

**Owen H. Smith**
owen.smith@bfkn.com
*Attorneys for Defendants Volkswagen of America, Inc. and Audi of America, Inc.*

_____
Stephen R. Thomas

VOLKSWAGEN OF AMERICA, INC. AND AUDI OF AMERICA, INC.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO WACKERLI'S MOTION FOR STAY PENDING JUDICIAL REVIEW - 12

Client:2512205.1